OPINION OF THE COURT
Wachtler, J.
On this appeal by the defendant from an order affirming his conviction for assault, the primary question is whether the trial court adequately advised the defendant of the potential *110 conflicts of interest inherent in joint representation of the defendant and a codefendant by one attorney.
The defendant and his brother were jointly indicted and tried for attempted murder. At the trial they were both represented by the same attorney. However, before the trial commenced, the court informed the defendants and their attorney that "[tjhere could be a possibility of a conflict of interest, in that the first individual [the defendant] was on the scene, one of the brothers was there and then the other brother came at a later date.” The court indicated that it had "no objection if counsel and both defendants feel that there is no conflict of interest” and wished to continue the joint representation. In response to the court’s questions the defendant and his brother acknowledged that they understood what the court was saying, but that there was no conflict of interest between them and that they wished to continue with the joint representation.
After the jury selection had been completed, the court informed the defendants that they had the right to separate counsel and once again asked them if they wished to continue with the joint representation. The defendants however repeated their intention to continue with the joint representation. The defendants’ attorney also informed the court that the possibility of a conflict had been fully explained to the defendants. On inquiry by the court the defendants acknowledged that they understood.
At the trial the People submitted evidence that the defendant and his brother had severely beaten Sal La Micela on an Astoria street in March of 1977. According to the People’s witnesses the incident began when the defendant, John Lloyd, followed a girl who had refused to take a ride with him. When La Micela, who was acquainted with the girl, approached the defendant, the defendant got out of his car and beat La Micela with a long stick or bat, kicked him when he fell and then proceeded to smash the windshield of La Micela’s car. The defendant’s brother, who happened to be walking a dog nearby, joined the defendant and also hit and kicked La Micela.
The defendant, on the other hand, testified that he had acted out of self-defense. Both the defendant and his brother testified that the brother did not arrive until the fight was nearly over and that the brother took no part in the beating. *111 The jury found the defendant guilty of assault but found his brother not guilty.
The defendant now claims that the court’s pretrial inquiry was not sufficiently thorough to assure that the defendant knowingly and intelligently waived his right to separate counsel. He urges that the court should have explained in detail the potential conflict of interest in this particular case, and should not have merely relied upon the statement by defendants’ counsel that this had been done.
An attorney must, of course, realize and inform his client of any potential conflict of interest (People v Gomberg, 38 NY2d 307, 314). And, in this State, the Trial Judge also has an independent obligation to insure that two or more defendants represented by the same attorney are aware of the potential risks involved in joint representation (People v Macerola, 47 NY2d 257, 263; but see Cuyler v Sullivan, 446 US 335). Generally, however, the court’s inqiry need not be as thorough or as detailed as that required of the attorney. First, prior to trial, when the inquiry should be made, the court may not be fully aware of the evidence, the nature of the defendants’ case or its ramifications (People v Gomberg, 38 NY2d 307, 314, supra). Secondly, and more important, to require the defendant or his attorney to disclose to the court details of the defense, defense conferences, or strategy would in itself invade the defendants’ rights, including the right to counsel (People v Gomberg, supra, p 313).
The argument that the court should be required' to explain in detail any potential conflict of interest with specific reference to the facts or. posture of the particular case was recently and unsuccessfully made in People v Ortiz (49 NY2d 718). In Ortiz, the Trial Judge did no more than advise the defendants in general terms that the joint representation by a single attorney presented the possibility of a conflict of interest during trial. In that case we noted that the court had fulfilled its obligations under the Gomberg and Macerola cases when, as in the case now before us, it "specifically alerted defendant to the possibility that a conflict of interest might flow from joint representation of defendant and a codefendant by the same attorney * * * informed defendant of his right to separate counsel” and was assured by the defendant that he wished to continue the joint representation.
In sum, although a court confronted with two or more defendants represented by one attorney must personally ad *112 dress the defendants to ascertain whether each "has an awareness of the potential risks involved in that course and has knowingly chosen it” (People v Gomberg, supra, pp 313-314; People v Macerola, supra, p 263), there is no prescribed format or catechism that the court must follow (cf. People v Nixon, 21 NY2d 338, 353). Because the exact nature of the defense and particularly defense strategy must remain off limits to the court the extent of the precautions to be taken by the trial court to insure that the defendants perceive the risk inherent in joint representation must necessarily involve a measure of discretion.
Since we conclude that the trial court’s inquiry of the defendant and his counsel as to possible conflict of interest was sufficient to protect defendants’ right to effective assistance of counsel, the order of the Appellate Division should be affirmed.