## STATE OF CONNECTICUT *v.* WILLIE STANLEY
### (11178)

PETERS, C. J., HEALEY, SHEA, DANNEHY and SANTANIELLO, Js.

Argued June 7—decision released September 3, 1985

*Dennis P. McMahon,* with whom, on the brief, was *Kathleen Eldergill,* for the appellant (defendant).

*Susan E. Gill,* deputy assistant state's attorney, with whom, on the brief, was *Walter Flanagan,* state's attorney, for the appellee (state).

SANTANIELLO, J. The sole issue presented by this appeal is whether the trial court abused its discretion in denying the defendant's motion for a continuance. The underlying facts are undisputed. The defendant, Willie Stanley, was arrested on May 1, 1981, and charged with second degree robbery; General Statutes § 53a-135; second degree larceny; General Statutes § 53a-123; and first degree unlawful restraint; General

Statutes § 53a-95; in connection with the assault and robbery of a woman at the Salvation Army quarters in Danbury. He pleaded not guilty and elected to be tried by a jury of six.

Throughout most of the pretrial period the defendant was represented by Special Public Defender James Deakin. However, on July 31, 1981, two weeks before the start of trial, the court, *Geen, J.,* granted Deakin's motion to withdraw. The court then appointed Attorney John Dowling, who was not present in the courtroom, to represent the defendant. It is unclear from the record exactly when Dowling received notice of his appointment, although it appears that he was aware of the appointment at least by August 5, 1981, when he represented the defendant in a court hearing on the case.

Jury selection began on August 12, 1981. On August 13, after the jury had been impaneled, Dowling moved for a continuance of unspecified duration. He stated that he needed the additional time to review the file of the codefendant in the case, to review the work of the prior special public defender, to conduct further investigative work, and to discuss the possibility of a plea bargain with his client. He stated further that he had been on the case for only a week, and that during that time he had met with the defendant for just two hours. He concluded that because of the gravity of the charges against the defendant and the possibility of a lengthy sentence, he felt that "in order to justify this case and give [the defendant] a fair trial," he required further time. The trial judge, *Callahan, J.,* denied the motion, but failed to put his reasons on the record, stating only that he understood, and that defense counsel had been given adequate time. Counsel properly excepted to the ruling. The case proceeded to trial.

Following the direct testimony of the state's first witness, the victim, the court granted defense counsel a ten minute recess. Upon returning to the courtroom, counsel informed the court that the defendant wished to withdraw his pleas of not guilty and enter pleas of guilty under the "Alford doctrine." *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). The court proceeded to question the defendant concerning his change of pleas, and a rather confusing discussion followed, wherein the defendant stated that he feared receiving the maximum sentence if he continued with the trial, but that he was innocent and could not bring himself to admit his guilt before the court. On several occasions during this discussion the defendant began to plead guilty, then changed his mind and withdrew the pleas. Finally, the trial court gave defense counsel a five minute recess to discuss the pleas with the defendant further.

After the recess, the court again questioned the defendant concerning his desire to change his pleas. The defendant first stated unequivocally that he wished to withdraw his prior pleas, and plead guilty to the charges. However, as the court explained to the defendant the rights he would be waiving by pleading guilty, the defendant appeared confused, saying that he did not understand that by pleading guilty he would be giving up his right to cross-examine witnesses and present evidence, and that he simply could not stand before the court and say that he had committed the crimes. The court then ordered the guilty pleas withdrawn, reinstated the pleas of not guilty, and ordered that the trial be continued. The defendant was subsequently convicted as charged.

The defendant's sole claim on appeal concerns the propriety of the trial court's denial of the defendant's motion for a continuance. As we have often stated, the decision to grant or deny a continuance lies within the

sound discretion of the trial court and will not be disturbed unless a clear abuse of that discretion is shown. *State* v. *Marra,* 195 Conn. 421, 437, 489 A.2d 350 (1985); *State* v. *Myers,* 193 Conn. 457, 463, 479 A.2d 199 (1984); *State* v. *McKnight,* 191 Conn. 564, 576–77, 496 A.2d 397 (1983); *State* v. *Bethea,* 167 Conn. 80, 84, 355 A.2d 6 (1974). " ' "It must be shown that the trial judge acted arbitrarily and substantially impaired the defendant's ability to defend himself, before an appellate court will conclude that the trial judge abused his discretion." *United States* v. *Ellenbogen,* 365 F.2d 982, 985 (2d Cir. 1966), cert. denied, 386 U.S. 923, 87 S. Ct. 892, 17 L. Ed. 2d 795 (1967).' *State* v. *Myers,* [supra]." *State* v. *Marra,* supra, 437–38.

While it is a close question in this case, we conclude that the record does not show sufficient facts to support the defendant's claim of abuse of discretion. In support of his claim, he argues that defense counsel had insufficient time to consult with the defendant, to conduct further investigation in the case, and to review the work already done by former defense counsel. He contends that this lack of preparation time is sufficiently demonstrated by defense counsel's limited cross-examination of the witnesses and the confusion which occurred at trial when the defendant attempted to change his pleas. We disagree.

Although the defendant has raised numerous general claims of prejudice, he has failed to specify any harm he may have suffered as a result of the denial of the continuance. While it appears from the record that counsel's cross-examination of the state's witnesses was short, the defendant has failed to state specifically what counsel might otherwise have asked these witnesses if the court had granted the motion. In addition, he has failed to identify any particular way in which he would have been aided had defense counsel been given further time to investigate the case or consult with the

defendant. In response to the defendant's request for additional time to obtain defense witnesses, the trial court stated: "There's no problem, I'll give Mr. Stanley the opportunity to get the witnesses." Defense counsel had at least seven days to prepare for this trial. In addition, the trial court granted the state's unopposed request for a continuance from Friday, August 14, to Tuesday morning, August 18. This gave counsel additional time to prepare his case. Counsel waited until the jury had been selected and impaneled, and the trial was about to begin before he requested a continuance. We cannot, on this record, say that the trial court, abused its discretion or deprived the defendant of his right to due process in denying his motion.

In addition to his claim of abuse of discretion, the defendant has alleged that he was denied effective assistance of counsel as a result of the trial court's action. "We have repeatedly held that ineffective assistance claims are more properly pursued in a petition for a new trial or a writ of habeas corpus." *State* v. *Jacobowitz,* 194 Conn. 408, 413, 480 A.2d 557 (1984). "Absent the evidentiary hearing available in the collateral action, review in this court of the ineffective assistance claim is at best difficult and sometimes impossible." *State* v. *Mason,* 186 Conn. 574, 578–79, 442 A.2d 1335 (1982); *State* v. *Tirado,* 194 Conn. 89, 93, 478 A.2d 606 (1984). Despite our finding of no error at this juncture, the defendant is not precluded from pursuing his ineffective assistance of counsel claim in an appropriate collateral proceeding.

There is no error.

In this opinion the other judges concurred.