STATE OF CONNECTICUT *v.* STEPHANIE
TYLER-BARCOMB

STATE OF CONNECTICUT *v.* FREDERICK S.
BARCOMB, JR.
(11362)
(11363)

PETERS, C. J., HEALEY, SHEA, SANTANIELLO and CALLAHAN, Js.

Argued October 8—decision released December 3, 1985

*F. Mac Buckley,* with whom, on the brief, was *Susan K. Smith,* for the appellants (defendant in each case).

*Susan C. Marks,* special assistant state's attorney, with whom were *Harry S. Gaucher, Jr.,* state's attorney, and, on the brief, *John M. Massameno,* assistant state's attorney, for the appellee (state).

SANTANIELLO, J. After a joint jury trial, the defendants Frederick Barcomb (hereinafter Barcomb) and Stephanie Tyler-Barcomb (hereinafter Tyler-Barcomb) were convicted of impairing the morals of a child in violation of General Statutes § 53-21. Barcomb was also convicted of sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1). Tyler-Barcomb received a total sentence of not less than two and one-half nor more than five years, and Barcomb received a total effective sentence of not less than five nor more than ten years.

On appeal the defendants claim that: (1) there was insufficient evidence to convict Tyler-Barcomb of the crime charged; (2) they were denied their right to effective assistance of counsel in that they were represented by the same counsel at trial; (3) they were deprived of their right to a fair trial by the remarks of the prosecutor in his closing argument; (4) the trial court erred in admitting hearsay evidence; (5) the trial court abused

its discretion in allowing cross-examination of Barcomb on prior misconduct; (6) they were denied the full effect of their constitutional right to remain silent by the admission of evidence which indicated that they were silent in the face of accusation; and (7) they were denied their right to effective assistance of counsel by their counsel's failure to make various objections at trial. We find no error.

I

The defendants first claim that there was insufficient evidence to convict Tyler-Barcomb of a violation of General Statutes § 53-21, risk of impairing the morals of a child. Section 53-21 makes it a crime for any person "wilfully or unlawfully [to cause] or [to permit] any child under the age of sixteen years to be placed in such a situation that . . . its morals [are] likely to be impaired, or [to do] any act likely to impair the health or morals of any such child . . . ." " 'In reviewing a sufficiency of evidence claim on appeal the question presented is whether, viewing the evidence favorably to sustaining the verdict, the trier could have reasonably concluded, upon the facts established and the inferences reasonably drawn therefrom, that the cumulative effect of the evidence established guilt beyond a reasonable doubt.' *State* v. *Zayas,* 195 Conn. 611, 620, 490 A.2d 68 (1985); *State* v. *Stepney,* 191 Conn. 233, 255, 464 A.2d 758 (1983), cert. denied, 465 U.S. 1084, 104 S. Ct. 1455, 79 L. Ed. 2d 772 (1984)." *State* v. *Thompson,* 197 Conn. 67, 74, 495 A.2d 1054 (1985). Reviewing the record and the facts adduced at trial, we conclude that there was sufficient evidence to convict Tyler-Barcomb of the crime charged.

The jury could reasonably have found the following facts. The victim of the crimes, Tyler-Barcomb's daughter, was between twelve and thirteen years old at the time of the alleged incidents. Barcomb, the then live-in

boyfriend of Tyler-Barcomb, sexually abused the child a number of times between June, 1980, and June, 1981. Tyler-Barcomb knew what Barcomb had been doing and yet did nothing to prevent further abuse. Tyler-Barcomb also knowingly had sexual intercourse with Barcomb in the presence of her daughter. On the basis of these facts, we cannot say that it was unreasonable for the jury to have concluded that Tyler-Barcomb violated General Statutes § 53-21.[1]

## II

The defendants next claim that they were denied their right to effective assistance of counsel in that they were represented by the same counsel during trial. Essentially they argue that the trial court failed to give them an adequate warning as to the potential for conflict of interest and that the court should not have permitted joint representation under these circumstances. We disagree.[2]

"Where a constitutional right to counsel exists, our Sixth Amendment cases hold that there is a correlative right to representation that is free from conflicts of interest." *Wood* v. *Georgia,* 450 U.S. 261, 271, 101 S. Ct. 1097, 67 L. Ed. 2d 220 (1981). But "[r]equiring or permitting a single attorney to represent codefendants . . . is not *per se* violative of constitutional guarantees of effective assistance of counsel. This principle recognizes that in some cases multiple defendants

---

[1] Because of the victim's youth and ready identifiability, we decline to restate more of the particulars of what the record shows. We have carefully reviewed the evidence according to our usual standards and are fully satisfied that there was sufficient evidence by which the jury could have concluded as it did conclude.

[2] We review this claim because the record is adequate to determine whether the trial court erred in permitting joint representation. We reiterate, however, that the preferred avenue for reviewing ineffective assistance of counsel claims is through habeas corpus proceedings.

can appropriately be represented by one attorney." *Holloway* v. *Arkansas,* 435 U.S. 475, 482, 98 S. Ct. 1173, 55 L. Ed. 2d 426 (1978). Just as a defendant may waive his sixth amendment protections by electing to forego counsel entirely, he may also waive his right to separate representation in a multidefendant prosecution. *State* v. *Marion,* 175 Conn. 211, 218, 397 A.2d 533 (1978). Such a waiver, however, must be knowingly and intelligently made. *Edwards* v. *Arizona,* 451 U.S. 477, 482, 101 S. Ct. 1880, 68 L. Ed. 2d 378, reh. denied, 452 U.S. 973, 101 S. Ct. 3128, 69 L. Ed. 2d 984 (1981). In multidefendant prosecutions where codefendants share an attorney and where the trial court knows of or reasonably should know of possible conflicts, the trial court is under an affirmative duty to inquire as to the knowing and intelligent nature of the defendants' waiver. *Festo* v. *Luckart,* 191 Conn. 622, 629, 469 A.2d 1181 (1983). The scope of the trial court's inquiry should be thorough enough to warn the defendants of the dangers of dual representation and yet not be overly intrusive into the attorney-client relationship. *Festo* v. *Luckart,* supra, 628; see *People* v. *Lloyd,* 51 N.Y.2d 107, 111, 412 N.E.2d 371, 432 N.Y.S.2d 685 (1980). "If the defendant reveals that he is aware of and understands the various risks and pitfalls, and that he has the rational capacity to make a decision on the basis of this information, and if he states clearly and unequivocally . . . that he nevertheless chooses to hazard those dangers, we would regard his waiver as knowing and intelligent and allow his choice to 'be honored . . . .' " (Citations omitted.) *United States* v. *Curcio,* 680 F.2d 881, 888–89 (2d Cir. 1982), quoting *Faretta* v. *California,* 422 U.S. 806, 834, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975).

The record in this case indicates that the defendants knowingly and intelligently waived their right to separate counsel. The issue of conflict of interest was raised at three different times during the proceedings

below. On July 24, 1981, the defendants' first court appearance, the defendants' attorney explained to the court that he had gone over possible conflicts of interest with the defendants and that they were satisfied with the dual representation. On October 2, 1981, when the defendants' entered their pleas, the trial court inquired again as to the propriety of joint representation. Barcomb stated at that time that he understood that he was constitutionally entitled to competent representation and that he saw no conflicts. On March 2, 1982, immediately before jury selection, the issue of joint representation was once again raised. On that day, the state's attorney went over in detail possible conflicts of interest including evidence which indicated that Tyler-Barcomb may have been passive due to the threats of Barcomb. The trial court then went over the possible conflicts of interest with the defendants and inquired as to whether they understood the dangers of joint representation. They responded that they understood and that they were satisfied with joint representation. The court inquired still further and asked if they understood that they were waiving their rights to separate representation. They both responded affirmatively and stated that they wanted the one attorney to represent them both.[3]

---

[3] The following exchange between the defendants and the trial court occurred on March 2, 1982:

"The Court: And you know that you have the right to be represented by counsel, is that correct?

"Mrs. Tyler-Barcomb: Yes.

"The Court: And I've told you what the legal standard is for effective representation?

"Mrs. Tyler-Barcomb: Yes.

"Mr. Barcomb: Yes.

"The Court: And is there anything that you don't understand?

"Mrs. Tyler-Barcomb: No.

"Mr. Barcomb: No.

"The Court: So you're going to waive any claims that you might be able to advance.

## III

The defendants have raised five other claims of error. However, because of the inadequacy of the record and the defendants' failure properly to preserve issues for appeal, we cannot review those remaining claims.

Although the rule is well established, it bears repeating that "[o]nly in most exceptional circumstances can and will this court consider a claim, constitutional or otherwise, that has not been raised and decided in the trial court." *State* v. *Evans,* 165 Conn. 61, 69, 327 A.2d 576 (1973). "The policy behind this rule is both ancient and sound and 'does not permit a defendant in a criminal case to fail, whether from a mistake of law, inattention or design, to object to matters occurring during a trial until it is too late for them to be corrected or even considered and then, if the outcome proves unsatisfactory, to raise them for the first time on an appeal.' *State* v. *Taylor,* 153 Conn. 72, 86, 214 A.2d 362 [1965], cert. denied, 384 U.S. 921, 86 S. Ct. 1372, 16 L. Ed. 2d 442 [1966]; *State* v. *Evans,* supra, 66; *State* v. *Tuller,* 34 Conn. 280, 295 [1867]." *State* v. *Baker,* 182 Conn. 52, 56, 437 A.2d 843 (1980). The only two "exceptional circumstances" where we have addressed

---

"Mrs. Tyler-Barcomb: Yes.
"Mr. Barcomb: Yes, we waive it.

       \*    \*    \*

"The Court: So that this can be an intelligent, understanding and competent waiver?

       \*    \*    \*

"The Court: Well, what decision have you made?
"Mr. Barcomb: That we're going to keep Mr. Morell as our attorney, just one for both of us.

       \*    \*    \*

"Mrs. Tyler-Barcomb: Yes, we're going to keep Mr. Morell as our attorney."

claims for the first time on appeal are "where a new constitutional right not readily foreseeable has arisen between the time of trial and appeal"; *State* v. *Evans,* supra, 70; e.g., *State* v. *Vars,* 154 Conn. 255, 271–72, 224 A.2d 744 (1966); and "where the record adequately supports a claim that a litigant has clearly been deprived of a fundamental constitutional right and a fair trial." *State* v. *Evans,* supra; e.g., *State* v. *Wright,* 197 Conn. 588, 595, 500 A.2d 547 (1985). Outside of these narrow circumstances and cases of plain error, we will address only those claims raised at trial. Practice Book § 3063; *State* v. *Gooch,* 186 Conn. 17, 18, 438 A.2d 867 (1982).

The defendants in their third claim argue that certain remarks made by the prosecutor in his closing arguments deprived them of their right to a fair trial. The prosecutor twice referred to Barcomb as "a kind of beast" and once alluded to Barcomb's conduct as akin to that of "an animal" when caged. The defendants made no objection to those remarks during or after the prosecutor's argument and requested no curative charge.

We have held on a number of occasions that where a criminal defendant does not object and take exception to allegedly prejudicial remarks of the state's attorney, either at the time they were made or at the close of argument, he waives his right to press the claimed error on appeal. *State* v. *Lubesky,* 195 Conn. 475, 484, 488 A.2d 1239 (1985); *State* v. *Malley,* 167 Conn. 379, 387, 355 A.2d 292 (1974). Also, where counsel does not request a curative charge or seek a mistrial on the basis of alleged prosecutorial misconduct, we have presumed that defense counsel did not view the remarks as so prejudicial that his client's right to a fair trial was seriously jeopardized. *State* v. *Lubesky,* supra; *State* v. *Falcone,* 191 Conn. 12, 23 n.13, 463 A.2d 558 (1983). We see no reason here to depart from these established

rules. On the basis of the record, we cannot say that the prosecutor's remarks were so abusive as to raise the defendants' claim to a level where they have "clearly been deprived of a fundamental constitutional right and a fair trial."[4] *State* v. *Evans,* supra. As a result, we find that the defendants have waived their right to raise on appeal this claim of prosecutorial abuse.

The defendants maintain as their fourth and fifth claims of error that the trial court abused its discretion in admitting into evidence hearsay statements and testimony concerning Barcomb's prior misconduct. The hearsay statements were introduced under the "constancy of accusation" exception to the hearsay rule and were part of the state's attempt to corroborate the victim's testimony. The misconduct evidence related to Barcomb's employment history as a constable for the town of Killingly. Defense counsel failed to object to any of this evidence and thus the alleged errors concerning the admission of such evidence were never before the trial court.

Applying the *Evans* rule to the defendants' fourth and fifth claims, we conclude that the issues are not reviewable. The defendants have not demonstrated any "exceptional circumstances" to warrant review of these claims. They have not raised any fundamental constitutional rights in regard to the trial court's admission of the prior misconduct evidence and have put forward no colorable constitutional claims concerning the admission of the hearsay statements.[5] See *State* v. *Baker,* supra, 55–57.

---

[4] We note that we do not in any way condone the use of the language of the prosecutor in this case. All state's attorneys should be circumspect in their characterization of criminal defendants.

[5] The defendants' claim concerning the hearsay testimony is primarily that the trial court abused its discretion in making an evidentiary ruling. The defendants have also rather half-heartedly argued that the admission

The defendants have claimed as a sixth assignment of error that their constitutional rights were violated by the admission of evidence indicating that they were silent in the face of accusation after being warned of their right to remain silent. They cite as authority *Doyle* v. *Ohio,* 426 U.S. 610, 96 S. Ct. 2240, 49 L. Ed. 2d 91 (1976), and *State* v. *Briggs,* 179 Conn. 328, 426 A.2d 298 (1979), cert. denied, 447 U.S. 912, 100 S. Ct. 3000, 64 L. Ed. 2d 862 (1980). At trial, two state police officers testified that they went to the defendants' home on June 15, 1981, to talk with them about the accusations against them. The officers stated that when they went to the home, the defendants said that they did not want to talk. Sometime during the visit, the defendants were informed of their constitutional rights, but the defendants were not under arrest at the time. Defense counsel did not object to the police officers' testimony.

Ordinarily, where the record adequately supports a claim that the defendant was clearly deprived of his fifth amendment rights, we will review such a claim despite the failure to raise the issue at trial. See *State* v. *Briggs,* supra, 335; *State* v. *Zeko,* 177 Conn. 545, 418 A.2d 917 (1979). The record in this case, however, is unclear as to whether the defendants have made out a viable fifth amendment claim. The United States Supreme Court held in *Doyle* v. *Ohio,* supra, that when

of hearsay testimony violated their right to confrontation and a fair trial. Other than this bald assertion, the defendants have not seriously pressed this claim on appeal. They have not explained why, under the circumstances of this case, their rights to confrontation and a fair trial were abridged by the trial court. Nor have they set out any legal support for their assertion. "Putting a constitutional tag on a nonconstitutional claim will no more change its essential character than calling a bull a cow will change its gender." *State* v. *Gooch,* 186 Conn. 17, 18, 438 A.2d 867 (1982). We have previously held that the well established constancy of accusation exception to the hearsay rule does not violate a defendant's constitutional right of confrontation. See *State* v. *Brigandi,* 186 Conn. 521, 532–33, 442 A.2d 927 (1982).

an accused is in police custody and has been given his *Miranda* warnings, evidence of his silence is inadmissible for both impeachment and substantive purposes. Id., 619. Since *Doyle,* the Supreme Court has also held that where a criminal defendant is not in official custody and has not yet been given his *Miranda* warnings, admission of evidence indicating silence in the face of accusation will not violate the defendant's fifth amendment rights. *Jenkins* v. *Anderson,* 447 U.S. 231, 100 S. Ct. 2124, 65 L. Ed. 2d 86 (1980). Because the testimony of the two state police officers in this case was sparse and disjointed, it is impossible to tell whether the defendants were given their *Miranda* rights before or after they stated that they did not wish to speak with the officers. Thus, we are unable to tell from this record whether under *Doyle* and *Jenkins* there has been any deprivation of a fundamental constitutional right. It is incumbent upon an appellant to ensure that we are provided with an adequate record to review the claims of error. Practice Book § 3060D; *State* v. *Thompson,* 197 Conn. 67, 81, 495 A.2d 1054 (1985); *Barra* v. *Ridgefield Card & Gift Gallery, Ltd.,* 194 Conn. 400, 407, 480 A.2d 552 (1984). We will not presume error.

Finally, the defendants argue that the failure of defense counsel to object to various testimony and preserve issues for appeal violated their right to effective assistance of counsel. " 'We have repeatedly held that ineffective assistance claims are more properly pursued in a petition for a new trial or a writ of habeas corpus.' *State* v. *Jacobowitz,* 194 Conn. 408, 413, 480 A.2d 557 (1984). 'Absent the evidentiary hearing available in the collateral action, review in this court of the ineffective assistance claim is at best difficult and sometimes impossible.' *State* v. *Mason,* 186 Conn. 574, 578–79, 442 A.2d 1335 (1982); *State* v. *Tirado,* 194 Conn. 89, 93, 478 A.2d 606 (1984)." *State* v. *Stanley,* 197 Conn. 309,

313, 497 A.2d 46 (1985). On the record before us, we cannot determine whether the defense counsel's performance was reasonably competent or whether the alleged incompetence contributed to the defendants' conviction.[6] See *State* v. *Vitale,* 197 Conn. 396, 413, 497 A.2d 956 (1985).

There is no error.

In this opinion the other judges concurred.

---

[6] Despite our decision finding no error, the defendants are not precluded from raising their ineffective assistance of counsel claim in an appropriate collateral proceeding. *State* v. *Stanley,* 197 Conn. 309, 313, 497 A.2d 46 (1985).