OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 While defendant’s trial was in progress, the Presiding Judge reviewed the Grand Jury minutes and discovered for the first time that defense counsel had represented Joaquin Lopez during the Grand Jury inquiry into the incident for which defendant was on trial. Lopez had been a target of the Grand Jury’s inquiry, but he was not ultimately indicted. Upon learning of counsel’s prior representation of Lopez, the trial court questioned him about the possible conflict of interest,
 
 [1]
 
 noting that Lopez had been on counsel’s list of potential defense witnesses and that the court itself considered Lopez’s Grand Jury testimony to be
 
 Brady
 
 material helpful to defendant’s case. In response, counsel agreed that a potential conflict of interest existed and that the conflict "would be perhaps one of the reasons” for not calling Lopez as a defense witness. However, counsel also stated that he had other reasons for not calling Lopez and that, in any event, he had discussed the potential conflict with defendant, who was willing to waive it.
 

 The court then conducted a lengthy discussion with defendant, advising him specifically that Lopez’s testimony could be very helpful in establishing an intoxication or justification defense, that his present attorney might be handicapped in eliciting all of the necessary facts because of his prior representation of Lopez, that his attorney might even refrain entirely from calling Lopez because of the possible conflict and that defendant might be "better off’ with another attorney who was not similarly restricted. Defendant told the court that he understood these concerns but nonetheless wished to waive any potential conflict and continue with his present attorney.
 

 Defendant waived his right to conflict-free representation and the trial court’s inquiry was sufficiently searching to
 
 *697
 
 assure that his waiver was informed and voluntary
 
 (see, People v Lloyd,
 
 51 NY2d 107).
 
 [2]
 
 Indeed, on this appeal, defendant does not contest the thoroughness of the court’s inquiry, but instead contends that the trial court should have afforded him an opportunity to consult with independent counsel before deciding whether to waive his attorney’s potential conflict. However, just as "there is no prescribed * * * catechism that the court must follow” in ascertaining a defendant’s understanding of his choices
 
 (People v Lloyd,
 
 51 NY2d 107, 112,
 
 supra),
 
 there is no per se rule requiring consultation with independent counsel. While it is true that the advice of the conflict-impaired attorney is not alone sufficient to ensure the truly informed choice that the law requires, we have consistently regarded a careful inquiry by the court to be an adequately reliable and effective safeguard. We see no need to add an additional layer of mandatory inquiry or consultation.
 

 We have examined defendant’s remaining contentions and deem them to be without merit.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order affirmed in a memorandum.
 

 [1]
 

 . The court specifically drew counsel’s attention to the continuing obligation to preserve a client’s or former client’s confidences and secrets.
 

 [2]
 

 . The sufficiency of the trial court’s inquiry to assure an intelligent and voluntary waiver
 
 (see, People v Macerola,
 
 47 NY2d 257;
 
 People v Gomberg,
 
 38 NY2d 307) is a question of law, not a "mixed question of law and fact.” Consequently, we have the power to review that question independently, and we reject the People’s present suggestion that we are bound by the "findings” of the courts below
 
 (see also, People v Mattison,
 
 67 NY2d 462, 470, n 4).