◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SERGIO ARRIETA, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Santagata, J.), rendered May 9, 1986, convicting him of criminal sale of a controlled substance in the second degree and criminal possession of a weapon in the the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied the effective assistance of counsel because the attorney representing him before the County Court also represented his brother, the codefendant *(see generally, People v Macerola,* 47 NY2d 257; *People v Gomberg,* 38 NY2d 307). However, before it accepted the defendant's plea of guilty to reduced charges, the court alerted the defendant to the possibility that a conflict of interest might flow from joint representation. It also advised the defendant that if he could not afford the separate counsel to which he was entitled, an attorney would be assigned *(see, People v Ortiz,* 49 NY2d 718). The defendant expressed both his desire that counsel continue to represent him and his satisfaction with the representation afforded him *(cf., People v Ortiz, supra; People v Lloyd,* 51 NY2d 107). Moreover, the record before us fails to demonstrate "that ' "a conflict of interest, or at least the significant possibility thereof, did exist" ' " *(People v McDonald,* 68 NY2d 1, 9, *rearg dismissed* 69 NY2d 724, quoting *People v Lombardo,* 61 NY2d 97, 103; *cf., People v Pascale,* 48 NY2d 997; *People v Conyers,* 114 AD2d 967, *lv denied* 67 NY2d 650; CPL 440.10).

The defendant's contention that the factual recitation during the plea allocution was insufficient is not preserved for appellate review *(cf., People v Riley,* 120 AD2d 752) and is, in any event, without merit. The defendant, in his own words,

fully described his participation in the drug transaction on which his conviction is premised, including his display of a gun in order to protect the cocaine.

We have reviewed the defendant's remaining contentions regarding the excessiveness of his sentence and the imposition of the mandatory surcharge, and find them to be without merit *(see, People v Perrine,* 111 AD2d 193; *People v Kazepis,* 101 AD2d 816). Kunzeman, J. P., Eiber, Kooper and Harwood, JJ., concur.