[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner's convictions stem from the murders of Gasper Munoz on February 28, 1984 and Leon Walker on March 19, 1984. As to each of the incidents the petitioner was charged with one count of murder in violation of General Statutes Sec. 53a-54a; one count of felony murder in the course of committing a kidnapping in violation of General Statutes Sec. 53a-54c; and one count of conspiracy to commit robbery in the first degree in violation of General Statutes Sec. 53a-48 and 53a-134(a)(4). After a trial to a jury, the petitioner was found guilty on all counts in both cases. The petitioner received a total effective sentence of sixty years. The petitioner appealed and his convictions were affirmed by the Connecticut Supreme Court. State v. Shannon,212 Conn. 387 cert. denied, 110 S.Ct. 1144 (1989). Among the claims raised in his appeal to our Supreme Court were:
 (1) the state violated his constitutional rights under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to disclose exculpatory evidence; (2) the trial court erred in finding probable cause in light of the fact that the subsequent trial testimony of the state's only eyewitness deviated from his probable CT Page 2214 cause testimony, and because the state failed to disclose material exculpatory evidence prior to the probable cause hearing; and (3) the trial court's charge to the jury unfairly emphasized the state's evidence to such a degree that there was a reasonable possibility that the jury was misled.
Id. at 390.
In his "Second Amended Petition" dated February 28, 1991, the Petitioner presses two arguments.[1] The first asserts that he was rendered ineffective assistance of trial counsel because his lawyer failed to obtain a copy of a City of Hartford Fire Marshall's report. Petitioner claims that the report would have discredited the testimony of three witnesses with respect to the timing of the death of one of the victims. Petitioner further postulates that trial counsel failed to do adequate investigation and obtain "potentially exculpatory evidence" concerning the involvement of another individual in the murder of the second victim. The Petitioner also claims that trial counsel misinformed him about "the availability of a Franks[2] hearing, and the possibility of challenging the validity and/or good faith of certain allegations contained in affidavits which the Hartford police used to obtain arrest warrants against the petitioner." As a result of the alleged ineffective assistance of his trial counsel, the Petitioner avers he has been denied his state[3] and federal constitutional rights[4] to due process of law.
The appropriate forum for challenging a conviction based on a claim of ineffective assistance of counsel is through a writ of habeas corpus. State v. Stanley, 197 Conn. 309, 313
(1985); State v. Miner, 197 Conn. 298, 307 (1985); State v. Hinckley, 198 Conn. 77, 89 (1985); State v. Chace, 199 Conn. 102,109 (1986); State v. Leecan, 198 Conn. 517, 541 (1986). In the current case, because the petitioner seeks to challenge his conviction on a claim of ineffective assistance of counsel, and because the allegations he makes are outside the appellate record, a petition for writ of habeas corpus is the appropriate forum. The petitioner has not, therefore, deliberately bypassed the appellate process.
The claims raised in this petition for a writ of habeas corpus are without merit. Trial counsel met at length with the petitioner before and during the trial. He entertained his client's suggestions; he encouraged his client's participation in formulating the defense. He accepted some of Shannon's ideas and rejected others. When he and his client had serious disagreement, counsel put it on the CT Page 2215 record. Trial counsel hired an investigator. The investigator's findings, in part, were directed to the same matters that Petitioner claims would have been addressed by the Fire Marshall's report. The Fire Marshall's report would have added nothing substantive to the defense of Mr. Shannon. Trial counsel was fully aware of the inconsistencies in the statements of the various witnesses and he did an effective job in cross-examination.
With regard to Petitioner's claim that his attorney rendered ineffective assistance when attempting to establish the culpability of a third party in one of the murders, the record fails to support that assertion. The transcripts of January 27, 1987, pages 45 to 62, the Transcript of January 28, 1987, Pages 1-59, and the Transcript of January 30, 1987, Pages 1-63 totally negate that claim.
Obviously the Petitioner and his lawyer disagreed about the truthfulness of the police officers in assembling the affidavits supporting the arrest warrants. His trial counsel felt that Shannon's claims were untenable. The Petitioner pursued those claims on his own. From the testimony given by the Petitioner in the habeas proceeding, the Court must conclude that trial counsel acted properly. Petitioner's assertions with respect to a Frank's hearing were better addressed (and, in fact, they were addressed by trial counsel) in the cross-examination of the witnesses at trial.
The habeas hearing, rather than bolster the petitioner's allegations belied them. Counsel's performance was more than reasonably competent. There is nothing which Attorney Hunt did or failed to do that contributed to the conviction of Mr. Shannon.
The jury heard the evidence and sized up the witnesses. It is not the function of the Habeas Court to second guess the trier. See Perell v. Warden, 113 Conn. 339, 342-344
(1931).
The petition is dismissed.
Scheinblum, J.