[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner urges the Court to vacate his conviction for Sexual Assault in the First Degree and order a new trial because appellate counsel failed to challenge the trial court's finding that the victim's out-of-court identification was reliable. The underlying facts of the instant matter were fully set forth by our Appellate Court in the case of State v. Felder, 7 Conn. App. 489 (1986). Inasmuch as the fundamental assertion by the petitioner is that his appellate counsel rendered ineffective assistance and his state and federal constitutional rights were violated as a result, this court concludes that the petitioner has not deliberately bypassed the orderly procedure of direct appeal. See State v. Stanley, 197 Conn. 309, 313 (1985).
In order for the petitioner to prevail on his claim of ineffective assistance of appellate counsel, he must prove not only that his lawyer's performance fell below the required standard of reasonable competence but also that the claimed lack of competency deprived him of the reasonable probability of having the conviction reversed had the issue of the reliability of the out-of-court identification been raised on appeal.
The petitioner has failed to sustain his burden of proof. In the first instance, the transcript supports the trier's conclusion that the identification was reliable. Secondly, the Appellate Court opinion stated: ". . .[T]he assault occurred in her [the victim's] living room during broad daylight. Although the victim was not wearing her glasses which she wears to see things at a distance, she managed to get a good closeup look at her assailant's face. Her degree of attention was high. As to the accuracy of her prior description, she made a composite picture which bore a close resemblance to the defendant except for the nose. The description she gave her uncle of the assailant prompted the uncle to suggest to the police that the defendant might be a CT Page 4694 possible suspect. The victim had previously made a photo identification of the defendant, and recognized him because he lived with a friend of hers. . . ." Felder at 495-496.
The probability of a reversal of the trier's finding wee non-existent. The petitioner can comb the transcript and pick out insignificant discrepancies to his heart's content; nevertheless the overall thrust of the evidence regarding the out-of-court identification, including the victim's testimony, remains convincing. Regardless of whether or not appellate counsel should have challenged the trial court's finding that the out-of-court identification was reliable, the fact remains that even if he had done so, the finding would have been upheld.
The petition is dismissed.
HON. HOWARD SCHEINBLUM Superior Court Judge