[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MEMORANDUM OF DECISION RE: MOTION TO STRIKE #101
On August 13, 2001, the petitioner, Jesus Romero, filed a two count complaint against the respondent, State of Connecticut, seeking a new trial pursuant to General Statutes § 52-270. A jury convicted the petitioner of two counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a)(2), one count of attempt to commit sexual assault in the first degree in violation of §§ 53a-70
(a)(2) and 53a-49 and one count of risk of injury to a child in violation of General Statutes § 53-21. On September 11, 1998, the petitioner was sentenced to a total effective sentence of twenty-five years imprisonment, suspended after fifteen years, and twenty-five years of probation.
In count one of his petition, the petitioner alleges that his case was not properly investigated by prior counsel, even though payment was made for the specific purpose of obtaining an investigator. Specifically, the petitioner avers that one of the most damaging pieces of evidence at trial was the victim's ability to describe a wart on the tip of the petitioner's penis. The petitioner alleges that an investigator should have spoken to his son and stepson because there is a likelihood that one of them may have provided the victim with the information pertaining to the wart. In count two, the petitioner alleges that his prior counsel failed to properly protect his rights at trial, by failing to object in a timely fashion and by failing to adequately preserve evidentiary rulings for appeal.
The respondent now moves to strike the petition for a new trial on the ground that the allegations are insufficient to state a claim upon which relief could be granted. The respondent filed a memorandum in support of its position and the petitioner filed a memorandum in opposition.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim on which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270, CT Page 9677709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996). "If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RK Constructors, Inc.v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori, supra,236 Conn. 825.
"A motion to strike properly addresses the legal sufficiency of a petition for a new trial." Blanchard v. Lubinski, Superior Court, judicial district of Waterbury, Docket No. 119719 (June 17, 1994, Sylvester, J.). "The Superior Court may grant a new trial of any action that may come before it, for mispleading, the discovery of new evidence or want of actual notice of the action to any defendant or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed, or the want of actual notice to any plaintiff of the entry of a nonsuit for failure to appear at trial or dismissal for failure to prosecute with reasonable diligence, or for other reasonable cause, according to the usual rule in such cases. The judges of the Superior Court may in addition provide by rule for the granting of new trials upon prompt request in cases where the parties or their counsel have not adequately protected their rights during the original trial of an action." General Statutes § 52-270.
The respondent argues that the court should grant its motion to strike both counts of the petitioner's complaint. Specifically, the respondent argues that count one should be stricken because the petitioner's claims are based on mere conjecture and speculation. "Count one . . . [does] not present any new evidence, but rather sets forth petitioner's view as to why he should not have been convicted, and posits a theory for the victim's ability to describe his penis." (Respondent's Memorandum, p. 2.) "There is no evidence of mispleading, no discovery of new evidence, no want of actual notice of the action to the petitioner, no want of a reasonable opportunity to appear and defend when a just defense in whole or part existed, no want of actual notice of entry of a nonsuit for failure to appear or dismissal for failure to prosecute with reasonable diligence and lastly, no evidence of other reasonable cause exists." (Respondent's Memorandum, p. 2.) As to count two, the respondent argues that since this claim was previously asserted in the petitioner's direct appeal, he should be precluded from raising the issue again in his petition for a new trial.
In response, the petitioner argues that there is reasonable cause to give him a new trial. The petitioner contends that his petition is not CT Page 9678 based on new evidence. Instead, he argues that he is relying on the fact that he paid for an investigation with respect to the allegations in count one that was never conducted. (Petitioner's Memorandum, p. 2.) Since the petitioner alleges that the investigation was not properly conducted, he seeks to have this aspect of the case investigated. (Petitioner's Memorandum, p. 2.) The petitioner also argues that his claim in count two is not prevented by issue preclusion. The petitioner contends that his prior counsel failed to preserve the objection for appeal and, therefore, the claim was never heard by the Appellate Court.
The petitioner alleges in count one "that his case was not properly investigated by his counsel, although payment was made for the specific purpose of obtaining an investigator." (Petition, Count One, ¶ 11.) Specifically, the petitioner alleges that the investigator should have spoken to his son and stepson, in order to determine whether one of them may have joked to the victim about the wart on his penis. (Petition, Count One, ¶ 14.) Further, the plaintiff alleges that this information should have been obtained earlier but, for some reason, was never obtained. (Petition, Count One, ¶ 16.) Lastly, the petitioner avers that due to the lack of a proper investigation, he is serving time for something he did not do. (Petition, Count One, ¶ 17.)
In construing the complaint in the light most favorable to the petitioner, the court finds that the petitioner is essentially alleging a claim of ineffective assistance of counsel in count one of his petition. The courts have previously determined that a claim of ineffective assistance of counsel can be pursued in either a petition for a new trial or a petition for a writ of habeas corpus. See State v. Henderson,37 Conn. App. 733, 748-49, 658 A.2d 585, cert. denied, 234 Conn. 912,660 A.2d 355 (1995); State v. Tyler-Barcomb, 197 Conn. 666, 676,500 A.2d 1324 (1985). "To prevail on a claim of ineffective assistance of counsel, a . . . petitioner generally must set forth evidence establishing two elements. First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." (Internal quotation marks omitted.) Ramos v. Commissioner of Correction, 67 Conn. App. 654, 665,789 A.2d 502 (2002). "Constitutionally adequate assistance of counsel includes competent pretrial investigation." (Internal quotation marks omitted.) Ostolaza v. Warden, 26 Conn. App. 758, 765, 603 A.2d 768, cert. denied, 222 Conn. 906, 608 A.2d 692 (1992).
The court finds that the petitioner has alleged sufficiently a cause of action for ineffective assistance of counsel to withstand a motion to strike. Accordingly, the respondent's motion to strike count one of the petition is denied. CT Page 9679
In count two, the petitioner alleges that "[d]uring trial, defense counsel allowed other constancy witnesses to testify after recantation evidence had already been admitted, thereby objecting late." (Petition, Count Two, ¶ 12.) The defense counsel's "failure to object in a timely fashion, and to adequately preserve the evidentiary rulings for appeal, resulted in loss of one of plaintiff's appellate arguments." (Petition, Count Two, ¶ 13.) "Appellant had argued that the victim's recantation caused a break in the chain of constancy accusation, thereby rendering her subsequent corroborative statements inadmissible as a matter of law." (Petition, Count Two, ¶ 14.) "Since this argument had not been properly preserved for appeal, the Appellate Court refused to hear it." (Petition, Count Two, ¶ 15.) As a result, the petitioner alleges that his defense counsel failed to properly protect his rights at trial. (Petition, Count Two, ¶ 16.)
The respondent argues that since this claim was previously asserted in the petitioner's direct appeal, he should be precluded from raising the issue again in his petition for a new trial. Although res judicata must be specially pleaded, the issue may be considered by the court when it is briefed and argued without any objection from opposing counsel. SeeStatewide Grievance Committee v. Presnick, 216 Conn. 135, 137 n. 3,577 A.2d 1058 (1990). "The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. . . . If the same cause of action is again sued on, the judgment is a bar with respect to any claims relating to the cause of action which were actually made or which might have been made." (Internal quotation marks omitted.) Richards v. Richards,67 Conn. App. 381, 383, 785 A.2d 1169 (2001).
In his appellate case, State v. Romero, 59 Conn. App. 469, 757 A.2d 643, cert. denied, 255 Conn. 919, 763 A.2d 1040 (2000), the petitioner made a claim "that the victim's recantation caused a break in the chain of constant accusation, thereby rendering her subsequent corroborative statements inadmissible as a matter of law." Id., 476. The court declined to review this claim, however, "[b]ecause the defendant's evidentiary claim was raised for the first time on appeal." Id., 477. As a result of his counsel's failure to make a proper objection, the petitioner alleges that his defense counsel failed to properly protect his rights at trial. (Petition, Count Two, ¶ 16.)
This court finds that the petitioner's claim is not precluded by res judicata or issue preclusion, because he is not attempting to relitigate the same claim made to the Appellate Court. The petitioner is essentially CT Page 9680 arguing that his counsel's performance was inadequate due to his counsel's failure to object in a timely fashion and failure to adequately preserve the evidentiary rulings for appeal. (Petition, Count Two, ¶ 13.) As previously observed, a claim of ineffective assistance of counsel can be pursued in a petition for a new trial. See State v. Henderson, supra, 37 Conn. App. 748-49. In addition, § 52-270 provides in relevant part that "the Superior Court may . . . provide by rule for the granting of new trials upon prompt request in cases where the parties or their counsel have not adequately protected their rights during the original trial of an action." (Emphasis added.) The petitioner alleges that his defense counsel failed to properly protect his rights at his criminal trial. (Petition, Count Two, ¶ 16.)
In construing the complaint in the light most favorable to the petitioner, the court finds that the petitioner is essentially alleging an additional ineffective assistance of counsel claim in count two of his petition. Accordingly, the respondent's motion to strike count two of the petition is denied.
 CONCLUSION
For the foregoing reasons, the court denies the respondent's motion to strike counts one and two of the petition.
 _________________, J. WOLVEN