■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH R. WHITE, Appellant. (Appeal No. 1.) [787 NYS2d 567]— Appeal from a resentence of the Niagara County Court (Sara S. Sperrazza, J.), rendered January 23, 2003. Defendant was resentenced upon a judgment convicting him of robbery in the first degree.

It is hereby ordered that the resentence so appealed from be and the same hereby is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a resentence upon a judgment convicting him following his plea of guilty of robbery in the first degree (Penal Law § 160.15 [3]). In appeal No. 2, defendant appeals from a resentence upon a judgment convicting him following his plea of guilty of attempted robbery in the second degree (§§ 110.00, 160.10). When these matters were previously before us, we modified the judgments on the ground that County Court violated the terms of the plea agreements, and we remitted the matters to the court for resentencing (*People v White* [Appeal No. 1], 300 AD2d 1100 [2002]; *People v White* [Appeal No. 2], 300 AD2d 1100 [2002]). The court had promised to sentence defendant to concurrent terms of imprisonment with a maximum term of 15 years, but sentenced defendant to consecutive terms of 12 years for the robbery charge and three years for the attempted robbery charge with three years of post-release supervision. On remittal, the court resentenced defendant to concurrent terms of 12 years on the robbery charge and three years on the attempted robbery charge, with five years of post-release supervision.

The court did not abuse its discretion in denying the motion of defendant to withdraw his guilty pleas. The record establishes that defendant received a sentence for which he bargained. The contention of defendant concerning the severity of the sentence is encompassed by his general waiver of the right to appeal (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]). In any event, the agreed-upon sentence is not unduly harsh or severe. Present—Green, J.P., Scudder, Gorski, Lawton and Hayes, JJ.