■ SHARON WALL, Appellant, v ERIE COUNTY et al., Respondents. (Appeal No. 2.) [807 NYS2d 891]—Appeal from an order of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered December 17, 2004. The order denied plaintiff's "re-petition" seeking leave to serve a late notice of claim after the complaint had been dismissed.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Same memorandum as in *Wall v Erie County* (26 AD3d 753 [2006]). Present—Hurlbutt, J.P., Scudder, Gorski, Green and Hayes, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIAN BROWN, Appellant. [807 NYS2d 890]—

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered October 1, 2003. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of criminal sale of a controlled substance in the second degree (Penal Law § 220.41 [1]). We conclude that County Court conducted an adequate inquiry of defendant to ensure that defendant knowingly and voluntarily waived the conflict of interest arising out of his retained counsel's representation of defendant and two codefendants (*see People v Caban*, 70 NY2d 695, 696-697 [1987]; *People v Lloyd*, 51 NY2d 107, 111-112 [1980]; *see also People v Ortiz*, 49 NY2d 718 [1980]). We further conclude that the court did not abuse its discretion in denying the motion of defendant to withdraw his guilty plea (*see People v McCawley*, 23 AD3d 1157 [2005]; *People v White*, 13 AD3d 1120 [2004], *lv denied* 4 NY3d 837 [2005]). The agreed-upon sentence is not unduly harsh or severe. Present—Scudder, J.P., Kehoe, Martoche, Smith and Pine, JJ.