■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUGUSTUS SMITH, Appellant. [825 NYS2d 598]—

Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered August 30, 2004. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree (two counts), criminal possession of a weapon in the third degree, criminal possession of a controlled substance in the seventh degree, criminal use of drug paraphernalia in the second degree (two counts) and unlawful possession of marihuana.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]), defendant contends that he was denied effective assistance of counsel during a hearing to reconstruct an in camera warrant proceeding for which the tape recording was lost. At that hearing, defendant was represented by counsel for the codefendant because defendant's counsel of record was ill. County Court offered to adjourn the hearing to such time as defendant's counsel of record recovered from his illness. Defendant expressed a desire to go forward and indicated to the court that he had no objection to proceeding with the codefendant's counsel representing both him and the codefendant.

When two defendants are represented by the same attorney, the court must ascertain on the record whether each defendant is aware of the potential risks and has knowingly chosen the course of representation (*see People v Gomberg*, 38 NY2d 307, 313-314 [1975]). In our view, the court fulfilled its obligation in that regard and ensured that defendant knowingly and voluntarily waived any conflict of interest arising out of defense counsel's representation of defendant and the codefendant at the hearing (*see People v Brown*, 26 AD3d 754 [2006], *lv denied*

6 NY3d 846 [2006]). Thus, it cannot be said that defendant was denied effective assistance of counsel at the hearing (*see generally People v Smith*, 306 AD2d 858, 860 [2003], *lv denied* 100 NY2d 587 [2003]). In addition, the contention of defendant that he was denied effective assistance of counsel by the dual representation is without merit inasmuch as he failed to show that the conduct of his defense at the hearing was in any way " 'affected by the operation of the conflict of interest, or that the conflict operated on the representation' " (*People v Abar*, 99 NY2d 406, 409 [2003]; *see People v Jordan*, 83 NY2d 785, 787 [1994]; *People v Ortiz*, 76 NY2d 652, 657 [1990]). Here, the nature of the evidence against each defendant did not suggest that there could be different theories and tactics of defense for each (*cf. People v Baffi*, 49 NY2d 820, 822 [1980], *rearg denied* 49 NY2d 1048 [1980]). With respect to the remaining contentions of defendant concerning his representation, we conclude that defendant received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). The sentence is not unduly harsh or severe. Present—Hurlbutt, A.P.J., Scudder, Gorski, Centra and Green, JJ.