STATE OF CONNECTICUT *v.* JOSEPH EDWARDS
(3169)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Argued November 6—decision released December 10, 1985

*Donald Dakers,* public defender, for the appellant (defendant).

*Lois Tanzer,* special assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *Mary Galvin* and *John M. Massameno,* assistant state's attorneys, for the appellee (state).

BORDEN, J. After a trial to the court, the defendant was convicted of attempted sexual assault in the first degree, in violation of General Statutes §§ 53a-49 (a) (2) and 53a-70, and of unlawful restraint in the first degree, in violation of General Statutes § 53a-95. He appeals, claiming (1) that the court erred in denying his motion to dismiss the information, which was based on the fact that he was arrested without a warrant in his residence, and (2) that his conviction of both offenses violates his double jeopardy rights. We find no error.

In the midafternoon of September 22, 1983, the defendant, age sixteen, was restraining and attempting to sexually assault the victim near her automobile, but fled when a witness arrived who was his former high school gym teacher and who knew his name. Two police officers were called to the scene. They spoke to the victim and the witness, and obtained the defendant's address from the school. The officers proceeded to the defendant's apartment, arriving there approximately one hour after the attempted assault and within a very short time after speaking to the victim and witness. After knocking on the door, they identified themselves as police officers to the defendant's mother, who had opened the door. They asked if they could enter and talk to her about her son. She permitted them to enter. They asked her if her son was home. She called

him from a back room. They then told her they were investigating an attack on a woman and arrested the defendant.

The state's original information was filed in geographical area number six on September 23, 1983. Subsequently, the case was transferred to criminal Part A of the judicial district of New Haven. On September 30, 1983, the defendant filed a motion to dismiss the information, asserting as the sole legal basis of the motion that the warrantless arrest was without probable cause.[1] On October 4, 1983, the defendant pleaded not guilty. On December 5, 1983, the state filed a substituted information, to which the defendant pleaded not guilty on December 15, 1983.

On February 8, 1984, on the eve of trial, the defendant filed a second motion to dismiss which, for the first time, raised the claim on which he now relies, namely, that his warrantless arrest in his residence was, absent exigent circumstances, in violation of his federal and state constitutional rights to be free from unreasonable seizure. The state objected on the ground, inter alia, that the motion was untimely. The court reserved decision on the timeliness aspect of the motion and, after a hearing on the motion, denied it on its merits.

We need not reach the substance of the defendant's claim on appeal that his warrantless arrest in his residence deprived the court of jurisdiction over his person. We agree with the state's argument, made both in the trial court and in this court, that the defendant's motion to dismiss, filed on February 8, 1984, was untimely and that, therefore, "he waived any objection he may have had to the trial court's jurisdiction over his person." *State* v. *Baez,* 194 Conn. 612, 616, 484 A.2d

---

[1] That motion was never pressed by the defendant or acted on by the court, and was formally withdrawn by him on February 9, 1984. He does not now claim that his arrest was without probable cause.

236 (1984); *State* v. *Vincent,* 194 Conn. 198, 203–204, 479 A.2d 237 (1984). Whether we view the date of his plea as October 4, 1983, when he pleaded not guilty to the original information, or as December 15, 1983, when he pleaded not guilty to the substituted information, he did not move to dismiss within ten days thereafter as required by Practice Book §§ 810 and 811, and thus waived his claim. *State* v. *Vincent,* supra, 202.

There is no indication here that the court found good cause to extend the ten day rule pursuant to Practice Book § 811. Nor does the fact that the trial court ruled on the merits of the defendant's motion mean that it found good cause for an extension of the ten day rule. See *State* v. *Vincent,* supra. The defendant does not claim that he was unaware of the ground for his motion when he entered his pleas, and he does not present any other mitigating factors to excuse his untimeliness. *State* v. *Baez,* supra. Similarly, we reject his argument that his motion of February 8, 1984, on which the court acted, was somehow just a continuation of his motion of September 30, 1983, on which the court did not act and which he formally withdrew on February 9, 1984. As the defendant stated in the trial court when he withdrew the first motion, the two motions raised different issues.

The defendant's second claim on appeal is that conviction of both attempted sexual assault in the first degree; General Statutes § 53a-49 (a) (2) and 53a-70;[2]

---

[2] General Statutes § 53a-49 provides in pertinent part: "(a) A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime he . . . (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime."

General Statutes § 53a-70 provides in pertinent part: "(a) A person is guilty of sexual assault in the first degree when such person compels another person to engage in sexual intercourse by the use of force against such other person . . . ."

and unlawful restraint in the first degree; General Statutes § 53a-95;[3] violates double jeopardy principles. This claim is patently without merit. A simple comparison of the two statutes, set out in footnotes 2 and 3, makes it quite clear that " 'each [statutory] provision requires proof of a fact that the other does not.' " *State* v. *Wright*, 197 Conn. 588, 593, 500 A.2d 547 (1985), quoting *Blockburger* v. *United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932).

There is no error.

In this opinion the other judges concurred.

[3] General Statutes § 53a-95 (a) provides: "A person is guilty of unlawful restraint in the first degree when he restrains another person under circumstances which expose the latter to a substantial risk of physical injury."

General Statutes § 53a-91 (1) provides: " 'Restrain' means to restrict a person's movements intentionally and unlawfully in such a manner as to interfere substantially with his liberty by moving him from one place to another, or by confining him either in a place where the restriction commences or in a place to which he has been moved, without consent. As used herein 'without consent' means, but is not limited to, (a) deception and (b) any means whatever, including acquiescence of the victim, if he is a child less than sixteen years old or an incompetent person and the parent, guardian or other person or institution having lawful control or custody of him has not acquiesced in the movement or confinement."