STATE OF CONNECTICUT *v.* ROBERT J. BUSQUE
(14794)

PETERS, C. J., CALLAHAN, BORDEN, BERDON and NORCOTT, Js.

Argued June 1—decision released June 28, 1994

*James M. Ralls,* assistant state's attorney, with whom, on the brief, were *James E. Thomas,* state's attorney, and *Rosita M. Creamer,* assistant state's attorney, for the appellant (state).

*Susan M. Hankins,* assistant public defender, for the appellee (defendant).

PER CURIAM. The certified issues in this criminal appeal concern the circumstances in which the state may properly offer evidence of prior uncharged misconduct to impeach the credibility of a defendant who has testified on his own behalf. The defendant, Robert J. Busque, was convicted, after a jury trial, of four counts of sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1), one count of attempted sexual assault in the second degree in violation of General Statutes §§ 53a-49 (a) and 53a-71 (a) (1) and five related counts of risk of injury to a child in violation of General Statutes § 53-21.[1] The Appellate Court reversed the judgment against the defendant and remanded the case for a new trial. *State* v. *Busque*, 31 Conn. App. 120, 623 A.2d 532 (1993). We granted the state's petition for certification to review the Appellate Court's conclusion that evidence of prior

---

[1] General Statutes § 53a-71 provides in relevant part: "SEXUAL ASSAULT IN THE SECOND DEGREE: CLASS C FELONY: NINE MONTHS NOT SUSPENDABLE. (a) A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and such other person is (1) under sixteen years of age . . . .

"(b) Sexual assault in the second degree is a class C felony for which nine months of the sentence imposed may not be suspended or reduced by the court."

General Statutes § 53a-49 provides in relevant part: "CRIMINAL ATTEMPT: SUFFICIENCY OF CONDUCT; RENUNCIATION AS DEFENSE. (a) A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime, he . . . (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime.

"(b) Conduct shall not be held to constitute a substantial step under subdivision (2) of subsection (a) of this section unless it is strongly corroborative of the actor's criminal purpose. . . ."

General Statutes § 53-21 provides: "INJURY OR RISK OF INJURY TO, OR IMPAIRING MORALS OF, CHILDREN. Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

uncharged misconduct had been improperly admitted and that its admission was harmful.[2]

The opinion of the Appellate Court fully describes the underlying facts of the defendant's alleged sexual abuse of the victim, his teenage daughter. *State* v. *Busque,* supra, 31 Conn. App. 122–23. When the defendant was cross-examined by the state after testifying on his own behalf, he denied having engaged in sexual misconduct either with the victim or with his niece. Id., 124. The trial court then permitted the state to impeach the defendant's credibility by calling the niece as a rebuttal witness to testify, in graphic detail, to her sexual abuse by the defendant. Id., 124–25, 130. The Appellate Court concluded that the defendant had properly objected to the admissibility of evidence of this prior, uncharged misconduct with his niece; id., 128; and that the trial court had abused its discretion in permitting the jury to hear this impeachment testimony, which was more prejudicial than probative. Id., 131. The Appellate Court further concluded that, especially in light of the state's closing argument, the defendant had met his burden of showing that the trial court's evidentiary ruling was harmful. Id., 131 and n.6, 132. Accordingly, the Appellate Court remanded the case for a new trial. Id., 132.

---

[2] We granted the state's petition for certification, limited to the following issues:

"Did the Appellate Court improperly conclude:

"1. In reviewing a nonconstitutional claim, that evidence was more prejudicial than probative, when the claim was unpreserved?

"2. In ignoring the trial court's narrow ruling on admissibility, and instead examining the details of testimony admitted after the ruling, in deciding whether the court abused its discretion in admitting such evidence as was relevant to the limited purpose?

"3. In finding the limited use of the evidence harmful, when the jury was already well aware of the defendant's misconduct?" *State* v. *Busque,* 226 Conn. 910, 628 A.2d 984 (1993).

The phraseology of the issues mirrors the state's view of the proceedings at trial and in the Appellate Court. In our plenary consideration of the state's appeal, we are, of course, not bound by the state's characterization of these events.

The state contends, contrary to the conclusions of the Appellate Court, that the defendant's claim of inadmissibility was not preserved at trial, that the evidence was properly admitted, and that the presentation of this evidence to the jury, if improper, was harmless. The Appellate Court expressly considered each of these contentions and correctly determined that, in the circumstances of this case, a new trial is required because of the highly prejudicial nature of the testimony that the trial court permitted the jury to consider. Id., 128–32. Having examined the record on appeal and having studied the briefs and the arguments of the parties, we conclude that the appeal in this case should be dismissed on the ground that certification was improvidently granted. It would serve no useful purpose for us to repeat the detailed discussion contained in the Appellate Court's opinion. *State* v. *Johnson*, 227 Conn. 611, 615, 630 A.2d 69 (1993); *State* v. *Milton*, 224 Conn. 163, 168, 617 A.2d 460 (1992).

The appeal is dismissed.