STATE OF CONNECTICUT *v.* TYRONE ADAMS
(15204)

Peters, C. J., and Callahan, Borden, Norcott and Palmer, Js.

Argued November 1—decision released December 5, 1995

*Elizabeth M. Inkster*, assistant public defender, with whom was *James J. Ruane*, special public defender, for the appellant (defendant).

*Rita M. Shair*, assistant state's attorney, with whom were *Michael Dearington*, state's attorney, and *Michael Pepper*, assistant state's attorney, for the appellee (state).

PER CURIAM. The sole issue in this certified appeal is whether the Appellate Court properly upheld, as an exercise of the trial court's discretion, the court's ruling that limited cross-examination of a prosecution witness for motive and bias. The defendant, Tyrone Adams, was convicted, after a jury trial, of two counts of aiding and abetting manslaughter in the first degree in violation of General Statutes §§ 53a-8 and 53a-55 (a) (1).[1] The Appellate Court affirmed the judgment; *State* v. *Adams*, 36 Conn. App. 473, 651 A.2d 747 (1994); and we granted the defendant's petition for certification, limited to the issue of whether the trial court's restriction on his right of cross-examination violated his state and federal constitutional rights of confrontation.[2]

---

[1] General Statutes § 53a-8 provides in relevant part: "Criminal liability for acts of another. (a) A person, acting with the mental state required for commission of an offense, who solicits, requests, commands, importunes or intentionally aids another person to engage in conduct which constitutes an offense shall be criminally liable for such conduct and may be prosecuted and punished as if he were the principal offender."

General Statutes § 53a-55 provides in relevant part: "Manslaughter in the first degree: Class B felony. (a) A person is guilty of manslaughter in the first degree when: (1) With intent to cause serious physical injury to another person, he causes the death of such person or of a third person . . . ."

The defendant had initially been charged with two counts of aiding and abetting murder in violation of General Statutes §§ 53a-8 and 53a-54a and one count of aiding and abetting assault in the first degree in violation of General Statutes §§ 53a-8 and 53a-59 (a) (1). The trial court granted the defendant's motion for judgment of acquittal on the assault charge. The state then filed a substitute information charging the defendant with two counts of aiding and abetting murder. The jury found the defendant guilty of two counts of the lesser included offense of aiding and abetting manslaughter in the first degree.

[2] We granted the defendant's petition for certification to appeal, limited to the following issue: "Under the circumstances of this case, should the defendant have been allowed the cross-examination of the state's key witness on the circumstances surrounding the arrest and the basis and motive

The defendant maintains that he was deprived of his constitutional right to confront a witness against him and to test the witness' possible motive and bias for testifying against him, because the trial court would not permit him to undertake a full cross-examination of Christopher Roach, a prosecution witness. Roach was present at a violent altercation involving a large number of people at the Athenian Diner on Whalley Avenue in New Haven. Many gunshots were fired during this altercation. Two men were killed and Roach was shot in the arm. Id., 474–75. The defendant was charged with having abetted these killings.

At the defendant's trial, Roach testified that he had seen Daryl Valentine fire the shots that killed the victims.[3] Roach further testified that he had not seen the defendant at any time during the altercation, but that he had seen the defendant's car drive off from the scene of the shooting. Another witness for the state, Byron McFadden, testified that he had heard the defendant urge the individual identified by Roach as Valentine to fire the shots that killed the victims.

Roach also testified regarding two statements about the incident that he had given the police before the trial. In the interim between the two statements, Roach had been arrested and charged with attempted assault in the first degree, criminal use of a firearm, reckless endangerment and unlawful discharge of a firearm. The defendant was the complainant against Roach for these charges. Id., 478–79.

The trial court allowed the defendant to cross-examine Roach with respect to his bias or motive arising out of his arrest. The defendant was permitted to elicit

for the subsequent statement?" *State* v. *Adams,* 232 Conn. 913, 914, 654 A.2d 357 (1995). We note that the state challenges the assumption that the witness in question was in fact the key witness against the defendant.

[3] Valentine was charged separately and is not involved in this appeal.

testimony concerning the nature of the charges that had been filed against Roach, and the fact that the defendant had been the complainant for these charges. The defendant was not, however, permitted to cross-examine Roach concerning the details of the incident giving rise to the arrest, including such matters as the exact circumstances of the crimes and the methods of committing the crimes. Id., 479.

As he did in the Appellate Court, the defendant contends that he had a right, under the federal and the state constitutions, to demonstrate a linkage between the details of Roach's arrest and his animus toward the defendant. Under the federal constitution, however, as we have often recognized, the right to confrontation is not absolute. See, e.g., *State* v. *Lee*, 229 Conn. 60, 70–71, 640 A.2d 553 (1994); *State* v. *Francis*, 228 Conn. 118, 123–24, 635 A.2d 762 (1993); *State* v. *Vitale*, 197 Conn. 396, 401, 497 A.2d 956 (1985). The defendant has not argued that his state constitutional right of confrontation differs.

After examining the record on appeal and after considering the briefs and the arguments of the parties, we have concluded that the appeal should be dismissed on the ground that certification was improvidently granted. In the circumstances of this case, the Appellate Court reasonably concluded that the trial court had honored the defendant's constitutional rights and had exercised its discretion properly in limiting the defendant's cross-examination of Roach. It would serve no useful purpose for us to amplify the discussion contained in the opinion of the Appellate Court. See *State* v. *Busque*, 229 Conn. 839, 842, 643 A.2d 1281 (1994); *State* v. *Murray*, 225 Conn. 524, 527, 624 A.2d 377 (1993).

The appeal is dismissed.