## STATE OF CONNECTICUT *v.* JOHN LACCONE
### (15257)

Peters, C. J., and Callahan, Borden, Norcott and Palmer, Js.

Argued December 5, 1995—decision released January 23, 1996

*Neal Cone,* assistant public defender, for the appellant (defendant).

*Michele C. Lukban,* deputy assistant state's attorney, with whom, on the brief, were *John A. Connelly,* state's attorney, and *Corinne L. Klatt,* assistant state's attorney, for the appellee (state).

PER CURIAM. The certified issues in this criminal appeal arise out of the exclusion at trial of a letter written a year before the trial by a prosecution witness, in which the witness represented that she was "going to try hard to stop lying." The state charged the defendant, John Laccone, with assault in the first degree in violation of General Statutes (Rev. to 1991) § 53a-59 (a) (3)[1] and risk of injury to a child in violation of General Statutes § 53-21.[2] After a jury trial, the defendant was

[1] General Statutes (Rev. to 1991) § 53a-59 (a) provides in relevant part: "A person is guilty of assault in the first degree when . . . (3) under circumstances evincing an extreme indifference to human life he recklessly engages in conduct which creates a risk of death to another person, and thereby causes serious physical injury to another person."

[2] General Statutes § 53-21 provides: "Injury or risk of injury to, or impairing morals of, children. Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation

found guilty as charged and the trial court rendered judgment accordingly. The Appellate Court affirmed the judgment of the trial court. *State* v. *Laccone,* 37 Conn. App. 21, 654 A.2d 805 (1995). We granted the defendant's petition for certification to appeal the propriety and the harmfulness of the trial court's ruling with respect to the admissibility of the letter.[3]

After examining the record on appeal and after considering the briefs and the arguments of the parties, we have concluded that the appeal should be dismissed on the ground that certification was improvidently granted. In the circumstances of this case, the Appellate Court reasonably concluded that the trial court had honored the defendant's constitutional right to confront the witnesses against him. Id., 31–32. Appellate review of the trial court's ruling is therefore limited to a determination of whether the trial court abused its discretion in excluding the letter and, if so, whether the trial court's ruling was harmless. Because the state presented substantial medical evidence implicating the defendant in the crimes for which he was convicted, we are persuaded that any possible impropriety in the trial court's ruling was necessarily harmless. Further amplification of the certified issues would, therefore, serve no useful purpose. See *State* v. *Adams,* 235 Conn. 473, 476, 667 A.2d 796 (1995); *State* v. *Busque,* 229 Conn. 839, 842, 643 A.2d 1281 (1994); *State* v. *Murray,* 225 Conn. 524, 527, 624 A.2d 377 (1993).

The appeal is dismissed.

that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

[3] We granted the defendant's petition for certification to appeal, limited to the following questions:

"1. Did the Appellate Court properly conclude that the trial court's exclusion of Mosman's letter was proper?

"2. If the answer to the first question is no, was the trial court's error harmless?" *State* v. *Laccone,* 235 Conn. 926, 667 A.2d 553 (1995).