## TRANSPORTATION GENERAL, INC. *v.* DEPARTMENT OF INSURANCE OF THE STATE OF CONNECTICUT ET AL.
### (15226)

Peters, C. J., and Callahan, Berdon, Katz and Palmer, Js.

Argued January 17—decision released February 13, 1996

*Richard P. Weinstein,* with whom, on the brief, was *Peter B. Rustin,* for the appellant (plaintiff).

*William J. Prensky,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (named defendant).

*Daniel L. FitzMaurice* and *Kathleen D. Monnes* filed a brief for the appellees (defendant New Hampshire Insurance Company).

PER CURIAM. The principal issue in this certified appeal is whether, in the circumstances of this case, an administrative hearing officer who had participated in settlement discussions concerning an interim insurance premium adjustment was required to disqualify himself from exercising an adjudicative role in a subsequent hearing on the merits of the plaintiff's disputed insurance premium. The plaintiff, Transportation General, Inc., doing business as Metro Taxi, filed an appeal

in the Superior Court challenging the decision by the named defendant, the insurance department of the state of Connecticut, to affirm the cancellation of the plaintiff's insurance coverage for failure to pay the entire insurance premium on its due date.[1] After an evidentiary hearing, the trial court rendered a judgment dismissing the plaintiff's appeal. The plaintiff appealed to the Appellate Court, which affirmed the judgment of the trial court. *Transportation General, Inc.* v. *Insurance Dept.*, 36 Conn. App. 587, 652 A.2d 1033 (1995). We granted the plaintiff's petition for certification to consider whether the record supported the propriety of the insurance commissioner's adjudication of the merits of the plaintiff's challenge to the calculation of an appropriate insurance premium.[2]

As the Appellate Court aptly observed, the rules governing the disqualification of administrative hearing officers are less stringent than those contained in the canons of judicial ethics. Id., 592. To overcome the presumption of impartiality that attends administrative determinations, a plaintiff must demonstrate either actual bias or the existence of circumstances indicating "a probability of . . . bias too high to be constitutionally tolerable." (Internal quotation marks omitted.) *Rado* v. *Board of Education*, 216 Conn. 541, 556, 583

[1] The trial court granted the motion of New Hampshire Insurance Company, Connecticut Automobile Insurance Assigned Risk Plan and Fireman's Fund Insurance Company to be joined as additional defendants. These additional defendants had all been parties to the administrative proceedings that addressed the appropriate calculation of the plaintiff's insurance premium. Because these defendants support the arguments advanced by the named defendant, we will refer only to the named defendant in this opinion.

[2] We granted the plaintiff's petition for certification to appeal, limited to the following issue: "In the circumstances of this case, did the Appellate Court properly affirm the trial court's determination that the insurance commissioner need not have disqualified himself as the administrative hearing officer even though the commissioner had earlier participated in settlement negotiations between the parties?" *Transportation General, Inc.* v. *Insurance Dept.*, 232 Conn. 920, 920–21, 656 A.2d 670 (1995).

A.2d 102 (1990); see *Petrowski* v. *Norwich Free Academy*, 199 Conn. 231, 238, 506 A.2d 139, appeal dismissed, 479 U.S. 802, 107 S. Ct. 42, 93 L. Ed. 2d 5 (1986). One recent statement of the applicable test for disqualification is whether "a disinterested observer may conclude that [the commissioner] has in some measure adjudged the facts as well as the law of a particular case in advance of hearing it." (Internal quotation marks omitted.) *Clisham* v. *Board of Police Commissioners*, 223 Conn. 354, 362, 613 A.2d 254 (1992). However articulated, the test for administrative disqualification is inherently fact-bound.

After examining the record on appeal and after considering the briefs and the arguments of the parties, we have concluded that the appeal in this case should be dismissed on the ground that certification was improvidently granted. The Appellate Court properly identified the governing principles and carefully considered their applicability in the circumstances revealed by the factual record in this case. That factual record includes the appraisal by the trial court of the credibility of the witnesses who testified at the evidentiary inquiry into the scope of the commissioner's participation in the settlement discussion and into the bias allegedly flowing therefrom. In the circumstances of this case, the Appellate Court reasonably upheld the determination by the trial court that the plaintiff had failed to establish either actual bias on the part of the commissioner or so egregious an appearance of bias as to taint the fundamental fairness of the administrative proceedings. Further amplification of the certified issue would, therefore, serve no useful purpose. See *State* v. *Laccone*, 235 Conn. 746, 747, 669 A.2d 1213 (1996); *State* v. *Adams*, 235 Conn. 473, 476, 667 A.2d 796 (1995); *State* v. *Busque*, 229 Conn. 839, 842, 643 A.2d 1281 (1994).

The appeal is dismissed.

BERDON, J., concurring. I concur in the result.