FEDERAL DEPOSIT INSURANCE CORPORATION *v.*
STEPHEN C. BOMBERO
(15285)

Peters, C. J., and Callahan, Borden, Katz and Palmer, Js.

Argued March 20—officially released April 30, 1996

*Robert C. Pinciaro*, with whom, on the brief, were *Serge G. Mihaly* and *Richard G. Kascak*, for the appellant (defendant).

*Jonathan S. Bowman*, with whom were *Monte E. Frank* and, on the brief, *Alexander H. Schwartz*, for the appellee (plaintiff).

PER CURIAM. The only issue in this certified appeal is whether, under the circumstances of this case, a foreclosing mortgagee was entitled to a court order discharging the lien of a junior judgment lienholder who mistakenly had been omitted from the foreclosure proceedings. The plaintiff, the Federal Deposit Insurance Corporation, is the successor in interest to BankMart, which held a defaulted first mortgage on property owned by Gary Knauf. The defendant, Stephen C. Bombero, is a judgment creditor of Knauf who recorded on the Knauf property a judgment lien that was junior to three previously recorded encumbrances on that property. The plaintiff filed an application to discharge the defendant's lien on moneys that, by stipulation of both parties, had been placed in escrow in substitution for the defendant's recorded judgment lien on the Knauf property. The trial court rendered a judgment granting the plaintiff's application. The defendant then appealed to the Appellate Court, which affirmed the judgment of the trial court. *Federal Deposit Ins. Corp.* v. *Bombero*, 37 Conn. App. 764, 657 A.2d 668 (1995). Although we thereafter granted the defendant's petition for certification to challenge the propriety of the discharge of his lien,[1] we now hold that our grant of certification was improvident. The defendant's appeal therefore must be dismissed.

After examining the record on appeal and after considering the briefs and the arguments of the parties, we have concluded that the record in this case does not afford us an opportunity to undertake a searching examination of the statutory or common law rights of mistakenly omitted lienholders in foreclosure proceedings.

---

[1] We granted the petition of the defendant for certification to appeal, limited to the following issue: "In the circumstances of this case, did the Appellate Court properly affirm the discharge of the lien of a judgment lienholder who had mistakenly been omitted from foreclosure proceedings?" *Federal Deposit Ins. Corp.* v. *Bombero*, 234 Conn. 908, 659 A.2d 1208 (1995).

The Appellate Court determined that the trial court had properly found that, at all relevant times, the defendant's lien, although valid as a matter of law, was worthless as a matter of fact. Id., 769–71. We have not certified a further examination of this fact-bound issue. The Appellate Court properly relied on this factual finding in rejecting the defendant's contention that, by stipulating to the substitution of moneys in escrow for the defendant's recorded lien on the Knauf property, the plaintiff had automatically conferred upon the defendant the right to recover the full face amount of his lien. Id., 772–73. On this record, we are persuaded that further amplification of the certified issue would serve no useful purpose. See *Transportation General, Inc.* v. *Dept. of Insurance*, 236 Conn. 75, 77, 670 A.2d 1302 (1996); *State* v. *Laccone*, 235 Conn. 746, 747, 669 A.2d 1213 (1996).

The appeal is dismissed.