STATE OF CONNECTICUT *v.* GEORGE EASON
(AC 16062)

O'Connell, C. J., and Lavery and Schaller, Js.

Argued September 16—officially released November 11, 1997

*Lisa J. Steele*, special public defender, for the appellant (defendant).

*Ellen A. Jawitz*, deputy assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *George Ferko*, assistant state's attorney, for the appellee (state).

*Opinion*

LAVERY, J. The defendant, George Eason, appeals from the judgment, rendered after a jury trial, convicting him of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1),[1] and unlawful restraint in the first degree in violation of General Statutes § 53a-95 (a).[2] On appeal, the defendant claims (1) that the trial court's failure to instruct the jury on the use of prior conviction evidence coupled with the prosecutor's comments made during closing argument constitute plain error, and (2) that his conviction of both sexual assault and unlawful restraint unconstitutionally placed him in double jeopardy.

The jury could reasonably have found the following facts. On Saturday, March 25, 1995, the victim was sixteen years old and a junior in high school. The defendant was twenty-five years old and the brother of the victim's boyfriend. Sometime around 10 p.m. on the night of March 25, the victim and her friend Amber visited the victim's boyfriend's house in East Hartford. Upon their arrival, the defendant answered the door and let them in. The victim, Amber, the defendant and the defendant's friend Smith were the only people in the house.

---

[1] General Statutes § 53a-70 (a) provides in relevant part: "A person is guilty of sexual assault in the first degree when such person (1) compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person . . . ."

[2] General Statutes § 53a-95 (a) provides: "A person is guilty of unlawful restraint in the first degree when he restrains another person under circumstances which expose such other person to a substantial risk of physical injury."

The four were watching television when the defendant attempted to kiss the victim. The victim resisted and attempted to leave but was prevented from doing so by the defendant, who then commanded her to go upstairs. Frightened, the victim obeyed the defendant's command.

Once upstairs, the two entered a bedroom and the defendant told the victim to sit on the bed. The defendant asked the victim whether she liked him and she responded, "No, I like you as a friend." The victim then attempted to leave, but the defendant grabbed her with force and pushed her down onto the bed. Despite the victim's efforts to resist and repeated pleas for him to stop, the defendant sexually assaulted the victim.

After leaving the house, the victim told Amber that she had been raped. When asked why she had not screamed, the victim replied that she was scared of the defendant and that she could not push him off due to his weight. The victim was in physical pain and had a bruise on her arm from the assault.

I

The defendant claims that the trial court's failure to give, sua sponte, limiting instructions to the jury concerning the use of prior conviction and misconduct evidence, coupled with improper statements made by the prosecutor in the closing argument, encouraged the jury to misuse the evidence and constitutes plain error. We disagree.

The defendant's argument is based on two separate claims, the trial court's failure to give, sua sponte, a limiting instruction, and the comments made by the prosecutor in his closing argument. We address these claims in succession.

## A

At trial, the defendant failed to request that the trial court give any limiting instructions regarding the jury's use of evidence of prior convictions and uncharged misconduct, failed to object to the state's closing argument and failed to object to the trial court's charge as given. Because the defendant failed to preserve the claim for review, he argues that he is entitled to plain error review.[3] We are not persuaded.

The state argues that the defendant's claim is not reviewable because it has not been properly preserved for appellate review. We agree.

It is well established that plain error review "is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. *State* v. *Boles,* 223 Conn. 535, 551, 613 A.2d 770 (1992). The failure by the trial court to give, sua sponte, an instruction that the defendant did not request, that is not of constitutional dimension and that is not mandated by statute or rule of practice is not such an obvious error that it will affect the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) *State* v. *Adams,* 36 Conn. App. 473, 477–78, 651 A.2d 747 (1994), appeal dismissed, 235 Conn. 473, 667 A.2d 796 (1995); *State* v. *Servello,* 14 Conn. App. 88, 94–95, 540 A.2d 378, cert. denied, 208 Conn. 811, 545 A.2d 1107 (1988).

We decline to review this unpreserved claim of instructional error.

---

[3] Practice Book § 4061 provides in relevant part: "The court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The court may in the interests of justice notice plain error not brought to the attention of the trial court . . . ."

## B

In support of his argument that limiting instructions should have been given, the defendant argues that certain remarks made by the prosecutor in his closing argument deprived him of the right to a fair trial. In his rebuttal argument, the prosecutor, responding to the defendant's closing argument, referred to the defendant as an "animal," a "convicted felon" and a "rapist." The defendant did not object to these remarks either during or after the prosecutor's argument and did not request a curative charge. On appeal, the defendant seeks plain error review.

Both this court and our Supreme Court have held that "where a criminal defendant does not object and take exception to allegedly prejudicial remarks of the state's attorney, either at the time they were made or at the close of argument, he waives his right to press the claimed error on appeal. *State* v. *Lubesky*, 195 Conn. 475, 484, 488 A.2d 1239 (1985); *State* v. *Malley*, 167 Conn. 379, 387, 355 A.2d 292 (1974). Where counsel fails to object or to request a curative charge we have presumed that defense counsel did not view the remarks as so prejudicial that his client's right to a fair trial was seriously jeopardized. *State* v. *Lubesky*, supra [484]; *State* v. *Falcone*, 191 Conn. 12, 23 n.13, 463 A.2d 558 (1983). *State* v. *Tyler-Barcomb*, [197 Conn. 666, 673, 500 A.2d 1324 (1985), cert. denied, 475 U.S. 1109, 106 S. Ct. 1518, 89 L. Ed. 2d 916 (1986)]; *State* v. *Chace*, 199 Conn. 102, 108, 505 A.2d 712 (1986); *State* v. *Bell*, 13 Conn. App. 420, 426–27, 537 A.2d 496 (1988)." (Internal quotation marks omitted.) *State* v. *Kelly*, 23 Conn. App. 160, 170–71, 580 A.2d 520, cert. denied, 216 Conn. 831, 583 A.2d 130 (1990), cert. denied, 499 U.S. 981, 111 S. Ct. 1635, 113 L. Ed. 2d 731 (1991).

On the basis of our review of the record, we fail to see how the prosecutor's remarks were so abusive or

prejudicial as to deprive the defendant of a fair trial. We conclude, therefore, that the defendant has waived his right to raise on appeal this claim of prosecutorial misconduct.[4]

## II

The defendant next claims that his convictions for sexual assault in the first degree and unlawful restraint in the first degree violated his right against double jeopardy under the federal and state constitutions. The defendant did not preserve this claim for appellate review and, therefore, seeks review under *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989); *State* v. *Evans*, 165 Conn. 61, 327 A.2d 576 (1973). "A claim of double jeopardy which is adequately supported by the record is reviewable under the doctrine of *State* v. *Evans* . . . ." *State* v. *Williams*, 12 Conn. App. 225, 229, 530 A.2d 627 (1987).

Upon review, we find this claim to be without merit because our Supreme Court and this court have decided this issue in prior cases. In *State* v. *Rothenberg*, 195 Conn. 253, 265, 487 A.2d 545 (1985), our Supreme Court held that these two crimes each require proof of a fact not required for conviction of the other. Specifically, the court stated that "[f]or a conviction of first degree sexual assault, the state must prove compelled sexual intercourse, which is not a necessary element of the crime of first degree unlawful restraint. For a conviction of first degree unlawful restraint, the state must prove exposure of the victim to a substantial risk of physical injury, which is not a necessary element of the crime

---

[4] We express no opinion as to the appropriateness of the language used by the state's attorney. It warrants repeating that "all state's attorneys should be circumspect in their characterization of a defendant." *State* v. *Chace*, supra, 199 Conn. 108 n.3; *State* v. *Tyler-Barcomb*, supra, 197 Conn. 674 n.4.

of first degree sexual assault, since the latter crime can be committed by threatening the safety of a third person." Id.

This court reached the same conclusion in *State* v. *Edwards*, 5 Conn. App. 586, 589–90, 501 A.2d 390 (1985), cert. denied, 199 Conn. 802, 505 A.2d 1250 (1986). "A simple comparison of the two statutes . . . makes it quite clear that each [statutory] provision requires proof of a fact [which] the other does not. *State* v. *Wright*, 197 Conn. 588, 593, 500 A.2d 547 (1985), quoting *Blockburger* v. *United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932)." (Internal quotation marks omitted.) *State* v. *Edwards*, supra, 590.

Despite the foregoing precedents, the defendant urges us to reconsider the matter and to conclude that unlawful restraint in the first degree is a lesser included offense of sexual assault in the first degree. "This, we cannot do. We will not reexamine or reevaluate Supreme Court precedent. Whether a Supreme Court holding should be reevaluated and possibly discarded is not for this court to decide. *Greger* v. *Greger*, 22 Conn. App. 596, 599, 578 A.2d 162, cert. denied, 216 Conn. 820, 581 A.2d 1055 (1990)." *State* v. *Adams*, supra, 36 Conn. App. 477; *State* v. *Reis*, 33 Conn. App. 521, 527, 636 A.2d 872, cert. denied, 229 Conn. 901, 640 A.2d 118 (1994). As a result, the defendant is not entitled to *Golding* review of this issue.

The judgment is affirmed.

In this opinion the other judges concurred.