[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #116
The plaintiff, Washington Mutual Bank, FA, filed a complaint on February 22, 2000, against the defendants, Alphonse G. Silvestri, Jr., and Louise Silvestri. The plaintiff alleges that the defendants owed a sum of money to the plaintiff evidenced by a promissory note, that the promissory note was secured by a mortgage, and that the defendants are in default of the promissory note and mortgage.
On April 18, 2000, the defendants filed an answer and twelve special defenses, which the defendant has designated as affirmative defenses. The first affirmative defense alleges that the defendants entered into an agreement with the plaintiff to pay the amount due to reinstate the loan and that the plaintiff breached this agreement. The second affirmative defense alleges that the plaintiffs breach of the agreement is the cause of the default complained of in the plaintiffs complaint. The third affirmative defense alleges that the plaintiff acted unconscionably. The CT Page 11046 fourth affirmative defense alleges that the plaintiff breached its fiduciary duties owed to the defendants and that these breaches are the proximate cause of the default complained of in the plaintiffs complaint. The fifth affirmative defense alleges that the plaintiff acted in bad faith and breached the covenant of good faith and fair dealing, that this is the cause of the alleged default complained of in the plaintiff s complaint, and that the promissory note and mortgage are unenforceable. The sixth affirmative defense alleges that the plaintiff acted in a commercially unreasonable manner and that the promissory note and mortgage are unenforceable. The seventh affirmative defense alleges that the defendants have acted to their detriment as a direct and proximate result of the threats of economic duress by the plaintiff. The eight and ninth affirmative defenses allege that the plaintiff has expressly and impliedly waived its rights by unduly waiting and delaying in exercising its rights. The tenth affirmative defense alleges the defense of laches. The eleventh affirmative defense alleges that the plaintiff is estopped as a matter of law and equity as a result of the prior improper and wrongful actions of the plaintiff prior to the alleged default of the defendants. The twelfth affirmative defense alleges that the plaintiff violated the Connecticut Unfair Trade Practices Act.
The plaintiff moves to strike all special defenses. The defendants have submitted an objection and a memorandum of law in support.
"`The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Grant v.Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992); see also Practice Book § 10-50 ("[f]acts which are consistent with [the plaintiff SI statements [of fact] but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged')." City v. Dana InvestmentCorp., 249 Conn. 1, 17, ___ A.2d (1999). "The fundamental purpose of a special defense, like other pleadings, is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is underway." Bennett v. Automobile Ins. Co. ofHartford, 230 Conn. 795, 802, 646 A.2d 806 (1994); see also Chapman v.Norfolk Dedham Mutual Fire Ins. Co., 39 Conn. App. 306, 332,665 A.2d 112, cert. denied, 235 Conn. 925, 666 A.2d 1185 (1995).
"Whenever any party wishes to contest . . . (5) the legal sufficiency of any answer to any complaint . . . or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a); Pamela B. v. Ment, 244 Conn. 296, 325 n. 21, 709 A.2d 1089
(1998). In ruling on the motion to strike, the trial court must "take the facts to be those alleged in the special defenses and to construe the CT Page 11047 defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas, 221 Conn. 530, 536,606 A.2d 684 (1992). The motion to strike does not admit legal conclusions. Doe v. Yale University, 252 Conn. 641, 694, ___ A.2d ___ (2000).
The plaintiff argues that the special defenses should be stricken because they do not allege facts sufficient to state a valid special defense, do not attack the making, validity or enforcement of the note and mortgage, and no consideration was alleged for the agreement the defendants referred to in the first special defense. The defendants object, arguing that the special defenses are sufficiently pleaded and are proper defenses to the foreclosure action.[1]
 SPECIAL DEFENSES ONE — THREE
"`Because a mortgage foreclosure action is an equitable proceeding, the trial court may consider all relevant circumstances to ensure that complete justice is done.' Reynolds v. Ramos, 188 Conn. 316, 320,449 A.2d 182 (1982). "The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court.' Kakalik v. Bernardo, 184 Conn. 386, 395,439 A.2d 1016 (1981); Federal Deposit Ins. Corp. v. Bombero,37 Conn. App. 764, 773, 657 A.2d 668 (1995), appeal dismissed,236 Conn. 744, 674 A.2d 1324 (1996). Where the plaintiffs conduct is inequitable, a court may withhold foreclosure on equitable considerations and principles. Hamm v. Taylor,180 Conn. 491, 497, 429 A.2d 946 (1980)." SouthbrideAssoc. v. Garofalo, 53 Conn. App. 11, 15, 728 A.2d 1114, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999).
"`At common law, the only defenses to an action of this character [i.e., a foreclosure action] would have been payment, discharge, release or satisfaction . . . or, if there had never been a valid lien.' (Citation omitted.) Petterson v. Weinstock, 106 Conn. 436, 441, 138 A. 433
(1927). Moreover, our courts have permitted several equitable defenses to a foreclosure action. `[I]f the mortgagor is prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, Foreclosure cannot be had. . . .' (Citations omitted.) Id., 442. Other equitable defenses that our Supreme Court has recognized in foreclosure actions include unconscionability; Hamm v. Taylor, supra, 180 Conn. 494-96; abandonment of security; Glotzer v. Keyes, 125 Conn. 227, 233, 5 A.2d (1939); and usury. Atlas Realty Corp. v. House, 120 Conn. 661, 669-70,183 A. 9 (1936), overruled in part on other grounds, Ferrigno v. CromwellDevelopment Associates, 244 Conn. 189, 202, 708 A.2d 1371 (1998)."Southbridge Assoc. v. Garofalo, supra, 53 Conn. App. 15-16. CT Page 11048
In Southbridge Assoc. v. Garofalo, the Appellate Court held that the trial court properly granted the motion for summary judgment because Garofalo admitted that he defaulted on the notes and his defenses did not attack the making, validity, or enforcement of the note or mortgage. Id., 15. Furthermore, this court has held that "[i]n the absence of a restructure agreement in the loan documents, a failure by the plaintiff to attempt to negotiate or restructure the terms of the loan after default, and then seeking foreclosure, does not implicate the making, validity or enforcement of the note or mortgage." Dime Savings Bank ofN.Y., FSB v. Furey, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 047557 (April 1, 1996, Curran, J.).
In the present case, the defendants allege that they "entered into an agreement with the plaintiff to pay the amounts then due to reinstate the loan and in exchange for a waiver of all rights to foreclose, further attorneys fees, acceleration of the loan, suit and other rights accrued in favor of the plaintiff. Plaintiff breached this agreement and refused to then accept said payment. Based upon the Plaintiffs breach of the agreement Plaintiff should be precluded from any judgment of foreclosure, award of attorneys fees, penalty interest and other costs of suit." (Defendants' First Affirmative Defense.) There is no allegation that the original loan documents contained a provision for the restructuring of the agreement. Although "we must read the allegations of the complaint generously to sustain its viability, if possible . . . even a generous instruction does not permit stretching the plaintiffs complaint to include these missing allegations." (Citation omitted.)Cotto v. United Technologies Corp., supra, 251 Conn. 1, 18, 738 A.2d 623
(1999).
Special defenses one through three, therefore, are not proper defenses to a foreclosure action as they do not relate to the making, validity or enforcement of the note or mortgage. The court therefore grants the plaintiffs motion to strike special defenses one through three.
 SPECIAL DEFENSE FOUR — SEVEN, ELEVEN, TWELVE
The defendants allege in the fourth, fifth, sixth, seventh, eleventh and twelfth special defenses, respectively, that the plaintiff breached its fiduciary duties owed to the defendants, that the plaintiff acted in bad faith and breached the covenant of good faith and fair dealing, that the plaintiff acted in a commercially unreasonable manner, that the defendants have acted to their detriment because of threats of economic duress by the plaintiff, that the plaintiff is estopped as a matter of law and equity as a result of the prior improper and wrongful actions of the plaintiff prior to the alleged default of the defendants, and that the plaintiff violated CUTPA. CT Page 11049
The defendants do not allege, however, how the plaintiff has breached its fiduciary duties, acted in bad faith and breached the covenant of good faith and fair dealing, acted in a commercially unreasonable manner, what prior improper and wrongful actions the plaintiff committed; how the plaintiff violated CUTPA, or how the defendants have acted to their detriment because of threats of economic duress by the plaintiff.
Although "we must read the allegations of the complaint generously to sustain its viability, if possible . . . even a generous instruction does not permit stretching the plaintiffs complaint to include these missing allegations." (Citation omitted.) Cotto v. United Technologies Corp., supra, 251 Conn. 18. The motion to strike does not admit legal conclusions. Doe v. Yale University, supra, 252 Conn. 694. ""The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Grant v. Bassman, 221 Conn. 465,472-73, 604 A.2d 814 (1992); see also Practice Book § 10-50 ("[f]acts which are consistent with [the plaintiffs] statements [of fact] but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged')." City v. Dana Investment Corp., supra, 249 Conn. 17. "The fundamental purpose of a special defense, like other pleadings, is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is underway." Bennettv. Automobile Ins. Co. of Hartford, supra, 230 Conn. 802; see alsoChapman v. Norfolk Dedham Mutual Fire Ins. Co., supra. 39 Conn. App. 332.
The court finds that these special defenses do not allege sufficient facts and therefore grants the plaintiffs motion to strike special defenses four through seven, eleven and twelve.
 SPECIAL DEFENSES EIGHT AND NINE
The eighth and ninth special defenses allege that the plaintiff "unduly waited and delayed in the exercise of its rights relevant to the complaint" and that these actions constitute an express and implied waiver of the plaintiffs rights.
"Waiver is the intentional abandonment of a known right. . . . [It] is the voluntary relinquishment of a known right. It involves the idea of assent, and assent is an act of understanding. . . . Intention to relinquish must appear, but acts and conduct inconsistent with intention to [relinquish] . . . are sufficient." (Internal quotation marks omitted.) Southbridge Assoc. v. Garofalo, supra, 53 Conn. App. 20. "The defense of waiver is permissible in a foreclosure action, provided that CT Page 11050 the defense addresses the making, validity or enforcement of the note or mortgage." Norwest Mortgage. Inc. v. Cook, Superior Court, judicial district of New London at New London, Docket No. 546601 (May 21, 1999,Martin, J.). The defendants do not allege whether the eighth and ninth special defenses address the making, validity or enforcement of the note or mortgage or whether they address the agreement referenced in the first special defense. Although "we must read the allegations of the complaint generously to sustain its viability, if possible . . . even a generous instruction does not permit stretching the plaintiffs complaint to include these missing allegations." (Citation omitted.) Cotto v. UnitedTechnologies Corp., supra, 251 Conn. 18. Furthermore, it is important to keep in mind that "[t]he fundamental purpose of a special defense, like other pleadings, is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is underway." Bennett v. Automobile Ins. Co. of Hartford, supra,230 Conn. 802; see also Chapman v. Norfolk Dedham Mutual Fire Ins.Co., supra, 39 Conn. App. 332.
The court finds that these special defenses do not allege sufficient facts and therefore grants the plaintiffs motion to strike special defenses eight and nine.
 SPECIAL DEFENSE TEN
The tenth special defense alleges the defense of laches. "Laches consists of an inexcusable delay which prejudices the defendant. . . . [It] consists of two elements. First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the defendant. . . . Absent prejudice to the defendant, the mere lapse of time does not constitute laches." (Citations omitted; internal quotation marks omitted.) Federal Deposit Ins. Co. v. Voll, 38 Conn. App. 198. 210, 660 A.2d 358, cert. denied, 235 Conn. 903, 665 A.2d 901 (1995). The defendants do not allege that they have been prejudiced by the delay.[2]
The tenth special defense is insufficient and is therefore also stricken.
The court grants the plaintiffs motion to strike all special defenses.
THE COURT
CUIRRAN, J.