[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by the plaintiff, Jefferson Scinto, from a July 27, CT Page 5773 1999 decision of the defendant, Connecticut Fire Protection Sprinkler Systems Work Examining Board ("the Board"), disciplining the plaintiff for a violation of General Statutes § 20-338a administered by the Board. This appeal is taken pursuant to General Statutes §§ 20-336 and4-183 of the Uniform Administrative Procedure Act ("UAPA"). For the reasons set forth below, the court finds the issues in favor of the Board.
The plaintiff holds an unlimited fire sprinkler license number 11113, type F-1. The Department of Consumer Protection filed a complaint dated November 13, 1998 with the Board against the plaintiff, alleging that the plaintiff caused unlicenced work to be performed in violation of General Statutes §§ 20-334, 20-341 and 21a-9 and §§ 20-332-16 and 20-332-18a
of the Regulations of Connecticut State Agencies. (Return of Record, ("ROR"), Exhibit 1.) A contested hearing in this matter was held on June 28, 1999, and subsequently, the Board made findings of fact that may be summarized as follows:
 1. The plaintiff is engaged in the plumbing and fire sprinkler business under the name of Southport Contracting, Inc. and holds a license issued by the Board.
 2. The plaintiff was retained by the town of Greenwich to perform fire protection sprinkler installation work at the Greenwich High School.
 3. The plaintiff wilfully engaged three persons to perform installation work at the high school — Christian Scinto, Paul Breton and James McCormack.
 4. At the time, they were engaged and performed fire protection sprinkler work at the high school, Christian Scinto, Breton and McCormack were not licensed to perform such work.
 5. The plaintiff, through counsel, indicated that he would not respond to questions from the Board and would exercise his Fifth Amendment right against self-incrimination.
(ROR, Final Decision and Order, pp. 2-3.)
Based upon these factual findings, the Board concluded that the plaintiff had "wilfully used three unlicenced persons to perform fire protection sprinkler work at the Town of Greenwich High School." (ROR, CT Page 5774 Final Decision and Order, p. 3, ¶ 1.) General Statutes § 20-334
provides "[n]o person shall engage in, practice or offer to perform the
work of any occupation subject to this chapter in this state unless such person has first obtained a license as provided in section 20-333. . . ." The Board concluded that the plaintiff violated General Statutes §20-338a, which provides that "[a]ny contractor who applies for a building permit from a local building official for any work required to be performed by a person licensed under the provisions of this chapter, shall cause such work to be performed by a person licensed under the provisions of this chapter."
The Board imposed a civil penalty under General Statutes § 20-341
(b) based on the plaintiff willfully employing three persons who did not have the required license to perform the work in question. As provided in General Statutes § 20-341 (b), the penalty for the three violations amounted to $2,500. The Board ordered an immediate discontinuance of the violations under § 21a-7 (2). Finally, pursuant to § 21a-7 (7), the Board suspended the plaintiffs license for two years but stayed imposition of the suspension so long as no further violations occurred. (ROR, Final Decision and Order, p. 4.) This appeal followed.[1]
The UAPA sets forth the standard of review for the court in this administrative appeal. "The scope of permissible review is governed by § 4-183(j) and is very restricted. . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [agency]. . . . The conclusion reached by the [agency] must be upheld if it is legally supported by the evidence. . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence. . . . which reasonably supports the decision of the commissioner, we cannot disturb the conclusion reached by him. . . . Our ultimate duty is to determine, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily, illegally or in abuse of its discretion." (Citations omitted; footnote omitted; internal quotation marks omitted.) Domestic Violence Services of Greater New Haven v. FOIC,47 Conn. App. 466, 469-70 (1998).
"An agency's factual determination must be sustained if it is reasonably supported by substantial evidence in the record taken as a whole. . . . Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . This substantial evidence standard is highly deferential and permits less judicial scrutiny than a clearly erroneous or weight of the evidence standard of review. . . . The burden is on the plaintiffs to demonstrate that the [agency's] factual conclusions were not CT Page 5775 supported by the weight of substantial evidence on the whole record. . . ." (Brackets omitted; citations omitted; internal quotation marks omitted.) New England Cable Television Assn., Inc. v. DPUC,247 Conn. 95, 117-18 (1998).
In the present case, the Board concluded that the plaintiff had employed three unlicenced workers. In reaching this conclusion, the Board relied on a series of documents grouped under the title "Department of Consumer Protection, Occupational Complaint Investigation Report", which contained payroll certifications for town of Greenwich. (ROR, Exhibits 3 and 5.) At the administrative hearing, the plaintiffs attorney objected to these documents being admitted into evidence because the documents were copies, and requested that the complaint be dismissed for failure of the State to provided evidence to establish a violation. (ROR, Transcript of Hearing dated June 28, 1999 ("Transcript"), p. 51.) The chairman of the Board suggested that the matter be continued, however, the Board vetoed this suggestion. (ROR, Transcript, p. 60.) Relying on the payroll certifications, the Board made found that the plaintiff willfully employed three persons to perform the sprinkler work at the school. (ROR, Final Decision and Order, p. 2.)
The plaintiff contends that under General Statutes § 4-178 (4)[2]
the payroll certifications were erroneously admitted. Assuming arguendo that these records were inadmissible and therefore should not have been relied on by the Board, the court, under the UAPA, would still have to find that the substantial rights of the plaintiff have been prejudiced by the agency in order to sustain the plaintiffs appeal. General Statutes § 4-183(j); see also Johnson v. Salinas, Superior Court, judicial district of New Britain, Docket No. 496644 (December 15, 1999, Hartmere, J.) ("That finding does not end this court's inquiry, however. Although the copy of the police report was improperly admitted into evidence, this court also must determine whether the plaintiff was prejudiced by this erroneous admission. If the erroneous admission of the police report was not prejudicial to the plaintiff, the court must uphold the agency's decision. . . .") In Johnson v. Salinas, surpa, the court relied on another document properly admitted into evidence at the administrative hearing to sustain the decision of the hearing officer.
Here, the Board concluded that the plaintiff had willfully employed three unlicensed workers, Christian Scinto, Breton, and McCormack, to perform sprinkler installation work. At the hearing, Richard Raposa, representing the Foundation for Fair Contracting, testified on behalf of the Department of Consumer Protection that he had reviewed the payroll records that were submitted by the plaintiffs company and saw that the three men were reported as doing sprinkler work at the Greenwich site. (ROR, Transcript, pp. 15-16.) This was also put forth in a letter of CT Page 5776 Raposa to the Department of Consumer Protection dated June 19, 1997. (ROR, Exhibit 5.)[3] The summaries of investigative findings of the Department of Labor, also in Exhibit 5, indicate that Breton and McCormack were so employed. The transcript contains a reference to another hearing held a few days before where Breton and McCormack admitted that the payrolls were accurate. (ROR, Transcript, p. 57.)
The plaintiff contends that the above evidence, as opposed to the properly authenticated payroll records themselves is hearsay. General Statutes § 4-178 (1) provides, however, that "[a]ny oral or documentary evidence may be received [in a contested case], but the agency shall, as a matter of policy, provide for the exclusion of irrelevant, immaterial or unduly repetitious evidence. . . ." Under the UAPA, hearsay evidence is not prohibited in administrative proceedings.Grffin v. Muzio, 10 Conn. App. 90, 93, cert. denied, 203 Conn. 805
(1987); see also Lawrence v. Kozlowski, 171 Conn. 705, 711, cert. denied, 431 U.S. 969 (1976). The alternate evidence to the payroll certificates is reliable and was unchallenged by the plaintiff at the administrative hearing. Therefore, the plaintiff has failed to show prejudice or that there was not substantial evidence to support the Board's conclusions.
The second argument raised by the plaintiff is based on the fact that the chief witness for the Department of Consumer Protection was Richard Raposa, the administrator of the Foundation for Fair Contracting. Raposa's position is union funded, including the Sprinkler Fitters Union. Two members of the Board are members of this union. The plaintiff claims that the fact that the union to which two Board members belong funds the activities of the chief witness, Richard Raposa, for the Department of Consumer Protection, shows a conflict of interest. The plaintiffs efforts to disqualify these members was rejected by the Board.
Our appellate courts have held that a claim of bias, standing alone, does not justify disqualification of a member of a hearing panel. SeePetrowski v. Norwich Free Academy, 199 Conn. 231, 237, appeal dismissed,479 U.S. 802, 107 S.Ct. 42, 93 L.Ed.2d 5 (1986) (appearance of impropriety that would disqualify a judge is insufficient for administrative officers); Transportation General, Inc. v. InsuranceDepartment, 36 Conn. App. 587, 593, cert granted, 232 Conn. 920 (1995), cert. dismissed, 236 Conn. 75 (1996) (presumption of validity not overcome by movant).
Here, the plaintiff proved only that two Board members were also members of a union that had, along with other unions, supported an organization providing a witness at the hearing. In this case, this is no different from the situation where a hearing officer of an agency, paid CT Page 5777 by the State of Connecticut, hears evidence from a state employee of that agency. There must be a more direct conflict for the court to find bias; the plaintiff has failed to prove that the two Board members had prejudged the facts in dispute or the law in advance of hearing the case.Breiner v. State Dental Commission, 57 Conn. App. 700, 706 (2000).
The administrative appeal is therefore dismissed.
Henry S. Cohn, Judge